FRANKLIN GUESS *et al.* v. LEWIS M. BRIGGS *et al.*

REVIVOR OF ACTION — *Notice* — *Null Order.* In order to revive an action pending in this court on a petition in error where no consent to such revivor is given, it is necessary that notice of the application shall be served on the adverse party, as required by § 428 of the code, and an order obtained without either consent or notice is a nullity.

*Error from Atchison District Court.*

THE case is sufficiently stated in the opinion herein, filed at the session of the court in July, 1894.

*D. C. Tillotson,* for plaintiffs in error.

*H. M. & W. A. Jackson,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This was an action of ejectment brought by the defendants in error, Lewis M. Briggs, William W. Letson, and Henry C. Linn, against plaintiffs in error, and judgment was rendered in favor of the plaintiffs below. Since the petition in error was filed, and on the 22d day of May, 1891, the defendant in error L. M. Briggs died, leaving a widow and four children. On March 4, 1892, on motion of plaintiffs in error, an order was entered in this court reviving the action against Emma G. Briggs, executrix of her deceased husband's will, and also against her and the children as heirs of his estate. A motion is made to dismiss the petition in error because the action was not revived within one year after the death of Lewis M. Briggs.

While the order above referred to was entered within a year after the death of Lewis M. Briggs, it appears that it was made without the consent of the parties against whom a revivor was had, and that the only notices served on any of the parties were those sent by mail to Emma G. Briggs, the widow, and Lutie Briggs, one of the children, who was of age at that time. These notices were received through the post office a few days

before the time set for hearing. No notice whatever was served on the other children.

Section 428 of the code of civil procedure provides:

"SEC. 428.    If the order is made by consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

There having been no service in the manner provided by law and no consent to a revivor, the order heretofore entered was made without jurisdiction, and is therefore a nullity.

It is said in the brief that the judgment was revived in the district court of Atchison county on behalf of the executrix, but there is no proof of that fact before us. It is also contended that the plaintiffs below were partners, and that no revivor was necessary. We think this claim untenable. There is no showing in the record to uphold the claim that this land is a part of the partnership estate and that the remaining defendants in error have given bond to settle up the partnership estate in accordance with the statute.

The motion to dismiss must be sustained.

All the Justices concurring.