SHAPLEIGH HARDWARE CO. VS BRITTAIN.

Opinion delivered January 13, 1899.

1. *Appeal From U. S. Commissioner—Amount of Judgment.*

> The proviso to section 4, of the act of congress of March 1, 1895, limits appeals from the United States Commissioner to those cases in which there is a judgment exceeding, excessive of costs, the sum of $20.00, and when the judgment is for costs only, no appeal is allowable although the amount sued for was in excess of $20.00.

2. *Jurisdiction of Trial Court—May be Raised on Appeal.*

> The want of Jurisdiction of the trial court may be raised for the first time in the appellate court.

Appeal from the United States Court for the Central District.

WM. H. H. CLAYTON, Judge.

Action on cost bond by George Brittain against the Shapleigh Hardware Co. and others. Judgment for the plaintiff. Defendant appeals. Reversed.

*Thomas A. Sanson,* for appellants.

*G. A. Pate,* for appellee.

SPRINGER, C. J. This case was begun in July, 1897, by George Brittain, in the United States commissioner's court at Atoka, Ind. Ter. The commissioner dismissed the complaint, and gave judgment for the defendants, the Shapleigh Hardware Company, G. A. Cobb, and Joe Bogy, for costs of the suit. The plaintiff appealed the case to the

United States court for the central district of the Indian Territory, sitting at Atoka. As the case was tried de novo in the United States court, this court will take no notice of the errors alleged to have been committed by the commissioner.

The facts in the case are precisely the same as those in the case of the Shapleigh Hardware Co. vs Brittain (No. 191, decided at this term of this court), 2 Ind. Ter. 242 But in the case at bar the suit was on the cost bond filed in the case of the Shapleigh Hardware Company against Perry Bros., defendants, in the United States court, in which case the court allowed George Brittain, the custodian of the attached property, appointed by the United States marshal, the sum of $76.87, to be paid by the plaintiff as costs of the suit. This was only one half of the custodian's claim, the remaining half having been postponed for further consideration, and by agreement the parties were to take further testimony on the subject. Subsequently the court, having heard additional testimony, allowed the remaining half of the custodian's claim. From the last order the Shapleigh Hardware Company and the other plaintiffs appealed to this court, and an opinion has been handed down therein. In that case this court held that the first order, allowing the other half, constituted a judgment in the aggregate equal to the amount of both orders, viz. $153.75. Appeal was taken, however, in only one order. The other order remained as a subsisting judgment against the plaintiffs. The appeal as to the second order has been decided in that case adversely to the appellants, and the judgment from which the appeal has been taken has been affirmed by this court at this term. The custodian was entitled to recover the whole amount allowed him in both orders. The case at bar is on the cost bond given by the Shapleigh Hardware Company for the one-half of the claim of the custodian. The amount of the bond was less than $100, and the judgment in the commissioner's

court was for the defendant for costs of the suit.   No refer-
ence to this fact was called to the attention of the United
States court when the case was tried on   appeal from the
United States commissioner.   The court proceeded to try
the case on its merits, and entered a judgment on the bond
for the full amount claimed, viz. $76.87.   From this judg-
ment an appeal was taken to this court by the appellants,
the defendants in the case below; and in this court, for the
first time, the point is made that the United States court has
no jurisdiction to hear and determine the case, by reason of
the fact that the judgment before the United States commis-
sioner was for less than $20.

The proviso to section 4 of the act of congress approv-
ed March 1, 1895, relating to the Indian Territory, is as fol-
lows:   "Provided, that no appeal shall be allowed in civil
cases where the amount of the judgment, exclusive of costs,
does not exceed twenty dollars. "   This refers to all civil
cases tried by United States commissioners in the Indian
Territory, and no appeal is allowed in such cases where the
judgment, exclusive of costs, does not exceed $20.   This
court is of the opinion that this provision denies to the Uni-
ted States court jurisdiction to hear and determine this case,
which was appealed from the United States commissioner,
the demand having been for less than $100, and the judg-
ment having been for defendant for costs only of the suit.
A judgment pronounced by any tribunal having no authority
to determine the matter in issue is necessarily and incurably
void, and may be shown to be so in any collateral or other
proceeding in which it is drawn in question.   Where a court
has no jurisdiction over the subject matter, no averment can
supply the defect, no amount of proof can alter the case. As
power over the subject-matter is given by law, nothing but
an additional grant from legislative authority can extend
that power over a class of cases formerly excepted; and

Appeal from
commissioner
Jurisdiction-
al amount.

neither the acquiescence of the parties nor their solicitations can authorize the court to determine any matter over which the law has not authorized it to act. See Freem. Judgm. (3d Ed.) § 120, and numerous authorities cited. If this want of jurisdiction had been called to the attention of the trial court, the case would have been disposed of at the time by dismissing the appeal. It is not too late, however, for the want of jurisdiction in the trial court to be raised for the first time in the appellate court. The judgment of the court below is reversed, and the case dismissed.

*Want of jurisdiction. May be raised in Appellate Court.*

TOWNSEND, J., concurs.