## NEW *et al.* v. COLLINS.

No. 2031, Okla. T.    Opinion Filed June 23, 1908.

(96 Pac. 607.)

1. **FORCIBLE ENTRY AND DETAINER—Notice to Quit—Time of Service.** In an action of forcible detainer, a notice to quit the premises, for the possession of which the action was brought, served on defendants more than 10 months before the action was brought, fails to comply with section 5085, Wilson's Rev. & Ann. St. Okla. 1903, and to give the court jurisdiction of the subject-matter of the action.

2. **SAME—Waiver. By Lapse of Time.** In such action, if any considerable time elapse between the giving of such notice and the commencement of the suit, such lapse of time operates as a waiver of such notice.

(Syllabus by the Court.)

*Error from District Court, Washita County; James K. Beauchamp, Judge.*

Action by George S. Collins against Mrs. John T. New and Sol T. Merritt. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

On April 27, 1905, George S. Collins, defendant in error, plaintiff below, sued Mrs. John T. New and Sol T. Merritt, plaintiffs in error, defendants below, in the probate court of Washita county, Okla. T., in an action of forcible detainer to recover the northwest quarter of section 17, in township 8 north, range 19 west, I. M. Defendants, among other things, pleaded the general issue. There was judgment for defendants, and on trial anew in the district court the jury returned a verdict in favor of Collins and against the defendants, upon which judgment was rendered, and from which said judgment defendants have appealed to this court.

*C. A. Morris* and *R. Brett,* for plaintiffs in error.
*Massingale & Duff* and *L. R. Shean,* for defendant in error.

Turner, J. (after stating the facts as above). It is urged by plaintiffs in error that the verdict is contrary to law, in that the three days' notice to quit, required by section 5089, Wilson's Rev. & Ann. St. Okla. 1903, was not served on them, as contemplated by law.

To maintain the issues on his part, defendant in error testified, in substance: That he was in possession of about an acre of the land in controversy, which was public land, subject to homestead entry, and on which he was attempting to prove up, and had been since October prior to this suit, and introduced a filing receipt as follows:

"Duplicate. Application No. 10,887. Receiver's Receipt No. 10,887. Homestead. Receiver's Office, El Reno, Oklahoma, May 31, 1904. Received of George S. Collins, the sum of fourteen dollars being the amount of fee and compensation of register and receiver for the entry of N. W. 1/4, of section 17, in township 8 north of range 19 west, I. M., under section No. 2290, Revised Statutes of the United States. Thomas R. Reid, Receiver."

That defendants in error were in the possession of the remainder of said property. That on April 10, 1904, he had served notice on them to quit, and introduced in evidence a duplicate thereof, which is as follows:

"Notice. To Mrs. John T. New, Sol T. Merritt, and J. E. Harris: You are notified to quit, leave, vacate and deliver up to me the following described real estate, to wit: The northwest quarter of section seventeen, in township eight north of range nineteen west, I. M. in Washita county, Oklahoma, now detained by you. You are further notified that on the 30th day of May, 1904, I made homestead entry for said tract of land at the United States land office El Reno, Oklahoma, and that I am entitled to the possession of said premises and real estate. George S. Collins, Entry-man."

"Received this notice this 10th day of June, 1904, and served same by delivering a true copy thereof to Mrs. John T. New in person and by leaving copy at usual place of residence of Sol T. Merritt and J. E. Harris in Washita county, Oklahoma, on the 11th day of June, 1904. J. W. Miller, Sheriff."

Defendant in error then rested his case. There was evidence for the plaintiffs in error, but it is not necessary to state what it was. Plaintiffs in error insist that, as it appears that the petition in the case was sworn to April 8, 1905, and summons issued April 27, 1905, said notice was served 10 months and 16 days before the commencement of this suit, and that the same had been abandoned at that time. We think the point well taken, even under the most liberal construction of that statute, and are of the opinion that, as more than 10 months had elapsed between the serving of said notice and the filing of the complaint, said notice may well be considered to have been abandoned; and that, to entitle defendant in error to bring this suit, he should have served a new notice under the statute.

This was the view of the Supreme Court of Kansas, as stated in the syllabus in *Douglass v. Whitaker*, 32 Kan. 381, 4 Pac. 874, where the court, in construing an identical statute, said:

"It is the duty of a party desiring to commence an action under article 13, c. 81, Comp. Laws 1879, relating to forcible entry and detainer, to notify the adverse party to leave the premises for the possession of which the action is about to be brought, which notice must be served at least three days before commencing the action, by leaving a written copy thereof with the defendant, or at his usual place of abode if he cannot be found. The serving of

this notice is a part of the proceeding to obtain restitution of the premises, and the action must be brought within a reasonable time after the service of the notice. If nearly a year, or any other considerable length of time, elapses after the service of the notice before the action is commenced, the lapse of time operates as a waiver of the notice, and in such case a fresh notice must be given before the party desiring to commence the action can take proceedings to dispossess the party."

It will not do for defendant in error to say that this evidence was introduced without objection on the part of plaintiffs in error, and that they, not having objected to it in the lower court, cannot, for the first time, object to it in this court. It is well settled that the jurisdiction of the court over the subject-matter can be raised for the first time on appeal (12 Enc. Pl. & Pr. 186) ; and, as proof of the proper service of a notice to quit was jurisdictional, it devolved upon defendant in error to prove it, or omit to do so at his peril.

Neither can it be successfully contended that this court cannot pass upon this question for the reason that the record fails to contain the recital that it embodies "all the evidence submitted or introduced on the trial of the case." In this respect the record contains, in effect, the proper recitals. The record recites: "Thereupon a jury was duly selected, impaneled, and sworn according to law to try the issues in the above case. * * * And therefore the following evidence was taken on behalf of plaintiff." This was followed by a detailed statement of the evidence of defendant in error, which was the only witness in his behalf, after which is contained the statement, "Plaintiff rests." The record further recites: "Thereupon the defendants offered the following evidence in their behalf," which was followed by a detailed statement of several witnesses on behalf of the plaintiffs in error, at the close of which testimony we find the following recital: "Thereupon the defendants rested and the plaintiff rests, and both sides rested, and no further evidence was introduced for either party, and thereupon the case was declared closed." While this closing recital does not

*in haec verba* state that this was all the evidence introduced on the trial, yet the same may be reasonably inferred.   3 Enc. Pl. & Pr. 425.

We are of the opinion that the lower court erred in failing to sustain the motion for a new trial, and that the verdict was contrary to law.   The case is reversed and remanded.

All the Justices concur.