## C. M. BUCKLES v. STATE.

No. A-371.   Opinion Filed February 6, 1911.

(113 Pac. 244.)

1. **EMBEZZLEMENT—Statutes—Validity—County Officers.** Section 6062, Wilson's Rev. & Ann. St. Okla. 1903, defining the offense of embezzlement by county treasurers, is void for uncertainty, because it does not specify, state, or enumerate what or whose property, money, or thing is intended to be made the subject of embezzlement.

2. **APPEAL—Conviction Under Void Statute—Exceptions.** A conviction predicated upon a void statute will not be permitted to stand although no exception was reserved at the trial to the instructions of the court.

(Syllabus by the Court.)

*Appeal from District Court, Canadian County; W. N. Maben, Judge.*

C. M. Buckles was convicted of embezzlement, alleged to have been committed while he was treasurer of Canadian county. His punishment was assessed at one year's imprisonment in the penitentiary and to pay a fine of $3,745.02, and he appeals. Reversed.

*Gillette, Libby & Gillette* and *Welty & Price,* for appellant. *Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, Presiding Judge.   Upon the trial of this case, among other things, the court instructed the jury as follows:

"The statute under which this indictment is drawn and for a violation of which this defendant is being prosecuted reads as follows: 'If any county treasurer, other officer or person charged with the collection, receipt, safe-keeping, transfer, or disbursement of the public money or any part thereof, belonging to the territory or any county, precinct, district, city, town, or school district in this territory, shall convert to his own use or to the use of any other person or persons, body corporate, association or party whatever, in any way whatever; or shall use by way of investment in any kind of security, stock, loan, property, land or merchandise, or in any other manner or form whatever; or shall loan with or without interest to any company, corporation, association or individual, or if any person shall advise, aid, or in any manner knowingly participate in such act, every such act shall be deemed and held in the law to be an embezzlement of so much of said money or other property as aforesaid, as shall be thus converted, used, invested, loaned or paid out as aforesaid, which is hereby declared to be a felony; and upon presentation, trial by indictment and conviction thereof before any court of competent jurisdiction in this territory, such county treasurer or other officer or person, shall be sentenced to imprisonment in the penitentiary and kept at hard labor for a term of not less than one or more than twenty-one years, according to the magnitude of the embezzlement, and also to pay a fine equal to double the amount in money or other property so embezzled as aforesaid; which fine shall operate as a judgment lien at law on all·the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the only [use] of the party or parties whose money or other funds, property, bonds or other securities, assets or effects of any kind as aforesaid have been so embezzled; and in all cases such fine so operating as a judgment shall only be released or entered as satisfied by the party or parties in interest, as aforesaid.' You are instructed that a distinct act of taking is not necessary to constitute embezzlement, but any fraudulent appropriation, conversion, or use of property coming within the above prohibitions is sufficient."

The statute mentioned in the instruction is section 6062,

Wilson's Rev. & Ann. St. Okla. 1903. This statute fails to specify, state, or enumerate what or whose property, money, or thing is intended to be made the subject of "embezzlement." The statute is therefore unintelligible and void for uncertainty, because it leaves nothing for the act named "embezzlement" to operate upon. The statute should have gone further and provided if any such officer or person should appropriate or use any portion of the public money or any other funds, property, bonds, securities, assets, or effects of any kind received, controlled, or held by such officer or person by virtue of such office or public trust for safekeeping, transfer, or disbursement or in any other way or manner, or for any other purpose, that such officer or person would be guilty of the offense of embezzlement. The record fails to show that counsel for the appellant saved an exception to this instruction. A conviction predicated upon a void statute should not be permitted to stand because counsel for the defendant has neglected to save an exception to an instruction based upon such a statute. Where a statute is void, a valid judgment cannot be based upon it. If the statute fails, any judgment based upon it must fail also. This statute was re-enacted by House Bill No. 168, § 15, art. 10, c. 38, p. 620, of the Session Laws of 1909, but the defect herein pointed out was not cured by such re-enactment. This statute was taken from the territory of Dakota, and was declared void by the Supreme Court of South Dakota for uncertainty in 1905. See *State v. Taylor*, 7 S. D. 533, 64 N. W. 548. We respectfully call the attention of the Legislature to this defect in the statute.

In view of the defect hereinbefore pointed out in this statute, it is not necessary to discuss the other errors relied upon by counsel for appellant.

The judgment of the lower court is therefore reversed.

ARMSTRONG and DOYLE, JUDGES, concur.