### LUSK *et al.* v. STATE *et al.*

No. 6870.    Opinion Filed June 22, 1915.

(150 Pac. 151.)

**RAILROADS—Corporation Commission—Jurisdiction—Notice to Receivers—Sufficiency.** Where, in a proceeding before the Corporation Commission to require a railroad company, whose property and affairs had been placed by a United States court in the hands of receivers, to construct a depot at H., on its line of road, and where, prior to the appointment of the receivers, the company had, pursuant to article 9, section 43, of the Constitution, designated an agent upon whom service of legal notice might be had, and where, after the appointment of the receivers,

said agent continued to act as agent for them as to all lawful notices directed against them by name, in which the receivers acquiesced, assuming that the receivers were necessary parties to said proceeding, **held,** that it was necessary to serve notice thereof on them pursuant to article 9, section 18, construed with article 9, section 34, of the Constitution, and Rev. Laws 1910, section 7336. And where a copy of the complaint filed with the Corporation Commission was served upon said agent, together with notice by the commission to the agent that the same would be considered and disposed of at the office of the Corporation Commission at Oklahoma City on a day certain, **held,** further, although neither notice nor complaint was addressed or directed to the receivers by name, that such was sufficient service of notice upon them under article 9, section 18, of the Constitution to vest the commission with jurisdiction of the receivers, and to make the order requiring the company to construct a depot at H. pursuant to the prayer of the complaint.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

A complaint was filed by J. O. Hamilton and others before the Corporation Commission against the St. Louis & San Francisco Railroad Company, which was in the hands of James W. Lusk and others, as receivers. From an order requiring that the railroad company and its receivers build a depot and complete same by a certain time, the receivers appeal. Affirmed.

*W. F. Evans* and *R. A. Kleinschmidt,* for appellants.

*Chas. West,* Attorney General, and *Chas L. Moore,* Assistant Attorney General, for the State.

TURNER, J. On December 19, 1913, J. O. Hamilton and certain other citizens of Henryetta, Okla., filed their complaint before the Corporation Commission against the St. Louis & San Francisco Railroad Company, already in the hands of receivers appointed by a United States court, the object of which complaint was to require the company to construct a new passenger depot at Henryetta. After defendant was served with notice of the time and place for a hearing thereupon, pursuant to section 18, of article 9 of the Constitution, and did not appear, to wit, on April

2, 1914, the Corporation Commission promulgated order No. 806, requiring not only defendant but its receivers, Jas. W. Lusk, W. C. Nixon, and W. B. Biddle, who were not mentioned in the complaint, to build the depot, pursuant to the prayer of the petition, and complete the same by a certain time. From said order the receivers alone appealed and bring the case here. For error they say the commission was without jurisdiction to make said order as to them, because, they say, no notice was served on them as required by section 18 of article 9 of the Constitution, which provides:

"Before the commission * * * shall make any order, * * * or requirement directed against any one or more companies by name, the company or companies to be affected by such * . * * order * * * or requirement, shall first be given, by the commission, at least ten days' notice of the time and place when and where the contemplated action in the premises will be considered and disposed of, and shall be afforded a reasonable opportunity to introduce evidence and to be heard thereon. * * * "

It cannot be questioned that a railroad company is included in the term "transportation company," as defined by article 9, sec. 34, of the Constitution. There it is said:

" * * * The term 'transportation company' shall include any company, corporation, trustee, receiver, or any other person owning, leasing, or operating for hire, a railroad, * * * over a route acquired in whole or in part under the right of eminent domain, or under any grant from the government of the United States. * * * "

And within the term as defined by Rev. Laws 1910, sec. 7336, relating to "Assessment of Public Service Corporations," which says:

"As used in this article the term 'transportation company' shall include any company, corporation, trustee, receiver, or any other person owning, leasing or operating for hire a railroad, street railway, canal, steamboat line, and also any freight car company, or company, trustee or person in any way engaged in such business as a common carrier."

All of which means that, when section 18 says, "before the commission  *  *  *  shall make any order, *  *  *  or requirement directed against any one or more companies, by name, the company  *  *  *  to be affected" thereby shall have notice, it means that if the company, at the time, is in the hands of receivers, notice shall be served on them. And they were served with notice within the contemplation of said section 18. At the time service was made the record discloses that pursuant to Const. art. 9, sec. 43, the St. Louis & San Francisco Railroad Company had designated one McCracken its agent upon whom service of legal notice might be had; that the Corporation Commission had for a long time prior to the notice in question served the notice required by section 18, *supra*, upon him as agent of the company, and that the company acquiesced in such service; that after the appointment of these receivers said agent continued so to act as agent for them, and the receivers acquiesced in the arrangement. The record further discloses that, while so acting, and after the complaint was filed before the Corporation Commission, the commission sent, presumably by mail, said agent a copy thereof which upon its face appears to be addressed or directed to no one by name. The pertinent part of it reads:

"Corporation Commission of Oklahoma. Complaint. Before the Corporation Commission. Cause No. 1906. J. O. Hamilton *et al.,* Undersigned Citizens of Henryetta, Oklahoma, complainants, against the St. Louis & San Francisco Railroad Company, defendant. The complainant says:  (1) J. O. Hamilton *et al.,* undersigned citizens, state that they are citizens.  *  *  *  (2) The above-named defendant is a public service corporation.  *  *  *  (3) That said railroad company's station or depot at Henryetta, Oklahoma, is very inadequate.  *  *  *  Wherefore the complainant prays that the aforesaid defendant be required to answer  *  *  *  [and] an order be made commanding said St. Louis & San Francisco Railroad

Company to construct a new and adequate passenger sta-
tion.   *   *   * "

At the same time the commission sent said agent
notice, not addressed or directed to the receivers, presum-
ably a letter, stating that the same would be considered
and disposed of at the office of the commission in Okla-
homa City on January 13, 1914.

It is not controverted that, upon the appointment of
the receivers, this agent of the railroad at once became the
agent of these receivers upon whom the notice required by
section 18, *supra,* might be served, so as to be binding ·
on them.   Neither is it contended that the receivers did
not in fact receive from the agent what he had received
from the commission, as stated.   But the precise conten-
tion is, that while it is conceded the service complained of
was good against the corporation, inasmuch as the agent
was one for service of any such notice directed against the
receivers *by name* only, and the foregoing shows that this
notice was not directed to the receivers *by name,* the serv-
ice was insufficient to vest jurisdiction of them as such in
the Corporation Commission.   In other words, the assump-
tion is that they had a right to limit the power of their
agent to that of one for service in cases only where the
notice required by the Constitution is directed to them *by
name,* and the contention is that the notice in question, not
being directed to them *by name,* is void.   We concur in
neither the assumption nor the contention.   These receiv-
ers had no right to limit the power of this agent to the
disappearing point.   Rather do we think that, as service
on him, as had, would have been good against the railroad
company before these receivers were appointed, it is suffi-
cient to bring the receivers before the commission.

In the syllabus of *Proctor v. Missouri, K. & T. Ry.
Co.,* 42 Mo. App. 124, it is said:

"Under the act of Congress, 24 United States Statutes, 554 (Act March 3, 1887, c. 373 [U. S. Comp. St. 1913, sec. 1047]), where service is had in such a way that it would have been good against the corporation before the business and property were placed in the hands of the receiver, it is sufficient service to bring the receiver into court; and so service on a station agent is good as against such receiver, he being the agent of the receiver and no longer the agent of the corporation."

While proof of proper service of the notice required by said section of the Constitution is jurisdictional (*New et al. v. Collins*, 21 Okla. 430, 96 Pac. 607), inasmuch as we have held that the jurisdiction of the commission does not depend upon the form or sufficiency of any pleading before it (*St. L. & S. F. R. R. Co. v. Miller et al.*, 31 Okla. 801, 123 Pac. 1047; *St. L. & S. F. R. R. Co. v. Williams et al.*, 25 Okla. 662, 107 Pac. 428), and that no strictness of pleading is required (*Hine v. Wadlington et al.*, 27 Okla. 285, 111 Pac. 543), we hold here that a substantial notice to these receivers of the proposed order is all that is required to be served on them by the commission, and that it was unnecessary for the commission to direct or address the notice in question to the receivers by name. This for the reason that the name of a person at the head of a notice is no part of the notice, but is intended only to designate the person to whom the notice should be delivered.

Such is the holding in *Gardner et al. v. Eberhart et al.*, 82 Ill. 316. That was an action of forcible detainer, and the notice to quit being jurisdictional, plaintiff sought to prove same. Each of the four papers served by him read: "You are hereby notified," etc. It was objected, and it was true, that the notice sought to be introduced in evidence differed on its face from the notices served as to the names of the persons to whom addressed. The court, after overruling the motion, said:

"The name at the head of the paper was no part of the demand, and was merely intended to designate the person to whom it should be delivered. The demand was perfect without the address, and no name need have been written on the face of the demand."

From which we learn that, should I leave with a friend a note which read, "This is to let you know that to-night I leave for Rome," it might be held, as a matter of law, that I served him notice to that effect. Or should I leave the note with his servant for delivery to him, and the same was thereafter delivered, that the same conclusion might be drawn.

This is in keeping with the holding of this court in *Oklahoma City v. Hill et al.*, 4 Okla. 521, 46 Pac. 568. That was an action of forcible entry and detainer, and, as here, the notice there to quit was jurisdictional. The facts were that, after defendant had been dispossessed by the sheriff, the city officers, including the mayor, moved in and took possession of the premises. It was contended that the notice to quit was insufficient. It was addressed to "Hon. O. A. Mitscher, mayor of Oklahoma City," and read, "You are hereby notified that the city has wrongfully and illegally taken forcible possession" of the premises in question, and was signed by the plaintiffs by their attorneys. It was not addressed to the city of Oklahoma City, defendant in the case. The court, in passing on the sufficiency of the notice to confer jurisdiction, said:

"The first objection to this notice is that it is not addressed to 'The city of Oklahoma City,' as the statute makes its title, but to O. A. Mitscher, mayor of Oklahoma City. The statute requires that a party desiring to commence an action under the forcible entry and detainer act shall 'notify the adverse party to leave the premises, for the possession of which the action is about to be brought,' which notice shall be in writing. The statute pertaining to cities of the first class, of which Oklahoma City is one, provides that the name of the city shall be 'The City of,'

and as applied to this case the proper name would be 'The City of Oklahoma City,' and it also provides that all notices and processes shall be served upon the mayor. Now, while, had technical accuracy been followed, the appropriate notice would probably have been addressed to 'The City of Oklahoma City,' and served upon the mayor, yet we do not perceive that there has been such a departure from the statute as to make the notice insufficient. The notice was served upon the mayor, and it does substantially say that the city of Oklahoma City has wrongfully and illegally taken forcible possession of the lots in controversy, and the city, through its mayor, is requested and notified to leave and vacate the premises; and is also notified that action will be commenced against the city if possession is not given. This, we think, substantially complies with the statute."

See, also, *Gibbs v. Van Derslice*, 134 Ill. App. 183.

And so we say that when a copy of this complaint was left with McCracken, together with a letter addressed to him notifying him that the same would be taken up before the commission on a day certain, it would seem that it might be fairly inferred that, as he was the agent of the receivers only, the subject-matter of the communication could be of concern to the receivers only, and that such was a substantial compliance with the requirements of the Constitution and afforded the receivers reasonable notice of the time and place when and where the contemplated action of the commission would be considered and disposed of, and a reasonable opportunity to be heard.

And we will so hold and affirm the order appealed from.

All the Justices concur.