## ZAHN v. OBERT et al.

No 7637—Opinion Filed June 27, 1916.

Rehearing Denied July 25, 1916.

(159 Pac. 298.)

**1. Abatement and Revival—Death of Party —Survival of Cause of Action.**

This suit was for the recovery of money on an appeal bond, and the cause of action, under the statutes, survived and passed to the personal representatives of the deceased plaintiff.

**2. Same—Proceedings for Revival—Order— Consent and Notice.**

A careful examination of sections 5288, 5293, 5294, Rev. Laws 1910, noticing the phraseology and punctuation, clearly shows that no consent is necessary if the order to revive the action is made before the expiration of one year from the time the order might have been first made. If made with consent either before or after the expiration of one year from the time the order might have been first made, no notice, as required in section 5288, supra, is necessary. If made before the expiration of one year without consent, then the notice and service thereof required by section 5288, supra, become jurisdictional and mandatory. It cannot be made at all after the expiration of one year without consent.

**3. Same—Appeal and Error—Order of Revivor—Authority of Appellate Court.**

The order of revivor in this cause, made by the trial court on September 7, 1915, within the year, but without consent, and without notice, is utterly null and absolutely void and the court below acted entirely without jurisdiction; and, there being no legal and proper revivor in the court below, where such revivor would of necessity have to be made for the reason that this acton was pending in such court at the time of his death, no plaintiff in error is legally brought before this court in

the proceedings in error, and more than six months, the time fixed by law in which to commence proceedings in error in this court, having elapsed, there is no judgment of the court below, and no revived cause of action brought up for this court to hear, consider, and determine. This action cannot be revived here, for the obvious reason that the plaintiff in error, plaintiff below, did not die while the action was pending in this court on appeal.

**4. Appeal and Error—Presenting Questions in Trial Court—Necessity—Jurisdiction.**

Under section 4742, Rev. Laws 1910, objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action, is never waived. The want of jurisdiction in the trial court may be raised for the first time in the appellate court.

**5. Same.**

A motion to dismiss proceedings in error, which raises a jurisdictional question, will be considered and determined, when the case is reached for final disposition, although the notice thereof required by rule 16 of the court has never been given. And jurisdictional questions, both as to the trial court and the appellate court, will be raised by the appellate court on its own initiative, or sua sponte.

**6. Appeal and Error—Jurisdiction—Consent of Parties.**

Parties cannot confer jurisdiction upon any court by agreement, and certainly can neither confer jurisdiction upon the Supreme Court by agreement nor by voluntarily coming into the case as an original action in the Supreme Court.

**7. Abatement and Revival—Proceedings for Revival—Parties.**

Aside from a failure to give notice, the attempted revivor is void. The subject-matter of the action is personal property, and passes to the representatives of the deceased and not to his heirs. Section 5290, Rev. Laws 1910, provides: "Upon the death of the plaintiff in an action, it may be revived in the name of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names." In this case, upon the death of the plaintiff, the right of action passed, not to his heirs, but to the administrator of his estate. The subject-matter of the action was a part of the personal estate, and subject to the payment of the debts of the deceased, if judgment be secured and satisfied. The attempted revival in the names of the heirs was therefore a nullity, and is of no consequence in the determination of the question in this case.

**8. Parties — Amendment—Statutory Provisions.**

Section 4768, Rev. Laws 1910, which provides that the title of a cause shall not be changed at any of its stages, means the title or caption of the answer or demurrer, or other paper filed in the cause after the petition, shall be like that of the petition, naming plaintiff first; whereas, before the Code, it was usual to name the party putting in the pleading first. This section does not conflict with section 4790, Rev. Laws 1910, which authorizes the court, in furtherance of justice, to amend any pleading, etc., by adding to or striking out the name of any party, etc.

(Syllabus by Davis, C.)

Error from District Court, Caddo County; Cham Jones, Judge.

Action by Abe Zahn against M. Obert and another. Judgment for defendants, and plaintiff brings error. Motion of defendant B. W. Hammert to dismiss petition in error sustained.

Blake, Boys & Shear and C. H. Carswell, for plaintiff in error.

A. J. Morris, for defendants in error.

Opinion by DAVIS, C. The motion to dismiss, omitting the caption and mere formal parts, reads as follows:

"Comes the defendant in error, B. W. Hammert, and moves the court to dismiss the petition in error herein for the following reasons, to wit: The judgment in the lower court was rendered March 8, 1915. The plaintiff below, who is the only plaintiff in error in this court, died July 14, 1915, as shown by a certified copy of the application for revivor, which is attached hereto, made part hereof, and marked 'Exhibit A' and the petition in error was not filed here until the 8th day of September, 1915. That said cause was never revived in the trial court, and no attempt was made in that court to revive it except on the 7th day of September, 1915, the day prior to the filing of the petition in error, certain parties made application to the district court to have said cause revived, which application is hereinabove referred to as 'Exhibit A' and on the same day, without any notice to the defendant in error, B. W. Hammert and without his consent, a purported order was made by the judge of said district court, purporting to revive said action, a copy of which is attached hereto, made a part hereof, and marked 'Exhibit B' all of which is shown by the affidavit of A. J. Morris, which is attached hereto, made part hereof, and marked 'Exhibit C.' That more than six months has expired since the rendition of said judgment, and no parties have become plaintiffs in error in this court except the deceased, and this court therefore has no jurisdiction to review the judgment of the trial court for want of necessary parties plaintiff in error."

Exhibit A reads as follows:

"Comes now George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London nee Zahn, and allege and represent to the court that heretofore, and by the consideration of the district court of Caddo county, state of Oklahoma, and on the 8th day of March, 1915, in a case therein pending, entitled Abe Zahn, Plaintiff, v. M. Obert and B. W. Hammert, Defendants, there was rendered a judgment against the said Abe Zahn, and in favor of B. W. Hammert, adjudging that in said action the said plaintiff, Abe Zahn, should not recover against the said B. W. Hammert, as prayed for in the petition of said plaintiff, and adjudging that the said B. W. Hammert recover his costs against the said Abe Zahn on his cause of action in said petition set out. The said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, allege that heretofore, and on the 14th day of July, 1915, the said Abe Zahn died intestate, and that no administrator has been appointed for his estate at the date of the filing hereof, and no administration had of said estate; that the said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, are the children of the said Abe Zahn, born in lawful wedlock, and the heirs of the said Abe Zahn, and are entitled to proceed with said action to determination in favor of or against them. Wherefore the said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, heirs of the said Abe Zahn, as aforesaid, pray that an order be made herein, reviving the said cause in the name of the said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, Beulah May Zahn, successors in interest of the said Abe Zahn, deceased, and that the same proceed in favor of, or against them."

This supplemental petition and application for order of revivor, Exhibit A, was filed in the district court of Caddo county, Okla., on September 7, 1915, and on the same day the court granted the following order, Exhibit B:

"Now, on this 7th day of September, 1915, it appearing that heretofore, by the consideration of the district court of Caddo county, state of Oklahoma, and on the 8th day of March, 1915, in a cause therein pending, entitled Abe Zahn, Plaintiff, v. M. Obert and B. W. Hammert, Defendants, there was rendered a judgment against the said Abe Zahn, and in favor of B. W. Hammert, adjudging that in said action the said Abe Zahn should not recover against the said B. W. Hammert, as prayed for in the petition of said plaintiff, and adjudging that the said B. W. Hammert recover his costs against the said Abe Zahn on the cause of action in said petition set out; and it being made further to appear that heretofore, and about the 14th day of July, 1915, the said plaintiff, Abe Zahn, died in-

testate, and left as his heirs the said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, children of the said Abe Zahn, born in lawful wedlock, and that by operation of law these plaintiffs succeeded to the rights of the said Abe Zahn, and prosecute this appeal in their own behalf; and that no will of the said Abe Zahn has been found, and, so far as known, none exists, and the said Abe Zahn did not dispose of his said rights in said action; that no administration has been had upon the estate of the said Abe Zahn; and that at the date of the filing hereof no administrator to his estate has been appointed: Now, therefore, it is by the court considered, ordered, and adjudged that the said action be revived in the name of the said George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, children and heirs of the said Abe Zahn, deceased, and that the same proceed to determination in favor of or against them, and for all proper relief; and that service hereof be made in the same time and manner provided for summons in civil actions."

The affidavit mentioned, Exhibit C, reads as follows:

"State of Oklahoma, County of Caddo—ss.:

"A. J. Morris, being first duly sworn upon oath, states that he is attorney for B. W. Hammert, and was such attorney for him in the case of Abe Zahn v. M. Obert and B. W. Hammert in the district court of Caddo county, Oklahoma, which was appealed to the Supreme Court and is cause No. 7637; that no notice was served upon the said B. W. Hammert or his attorney of the application to revive said action, filed in the district court, and no notice was given to the said B. W. Hammert or his attorney of the purported order of revival made on September 7, 1915, and the said B. W. Hammert did not consent to such revival in person or by attorney.

"[Signed]    A. J. Morris.

"Subscribed and sworn to before me this 27th day of April, 1916.

"[Signed]   Guy R. Gillett, Court Clerk.
"[Seal]      By C. W. Smith, Deputy."

The case-made contains the supplemental petition and application for order of revivor, Exhibit A, supra, and the order of revivor, Exhibit B, supra, and the petition in error is brought in the names of George G. Zahn, Norman Zahn, Abraham B. Zahn, Henry Zahn, and Beulah May London, nee Zahn, and recites the application for and order of revivor in the court below.

This suit was for the recovery of money on an appeal bond, and the cause of action, under the statutes, survived and passed to the personal representatives of the deceased plaintiff.

Plaintiffs in error do not contend that any notice of revivor was given defendants in error, or that said defendants in error consented thereto, but, on the contrary, contend that under the statutes, the revivor being made within a year from the death of the plaintiff, Abe Zahn, neither notice nor consent was necessary. With this contention of plaintiffs in error we cannot agree in the light of our statutes touching these questions. Section 5288, Rev. Laws 1910, reads as follows:

"5288. If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

Section 5293, Rev. Laws, supra, reads as follows:

"5293. An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

And section 5294, Rev. Laws, supra, reads as follows:

"5294. An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

A careful examination of these sections, noticing the phraseology and punctuation, clearly shows that no consent is necessary if the order to revive the action is made before the expiration of one year from the time the order might have been first made. If made with consent either before or after the expiration of one year from the time the order might have been first made, no notice as required in section 5288, supra, is necessary. If made before the expiration of one year without consent, then the notice and service thereof required by section 5288, supra, become jurisdictional and mandatory. It cannot be made at all after the expiration of one year without consent. Section 5288, supra, was a part of the Code of Civil Procedure of the state of Kansas, and was adopted from the Code of Civil Procedure of that state as found under section 4525, vol. 2, General

Statutes of Kansas 1889, this section being section 428 of the General Statutes of Kansas of 1868, by the Legislature of Oklahoma Territory, and became effective in said territory on August 14, 1893. Section 5300, Rev. Laws 1910, reads as follows:

"5300. If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

And section 5312, Rev. Laws, supra, reads as follows:

"5312. Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for; and if affidavits are to be used on the hearing, the notice shall state that fact, and it shall be served a reasonable time before the hearing."

These sections were also adopted from Kansas in the manner hereinbefore stated, section 5300 being section 4537, vol. 2, General Statutes of Kansas, 1889, and section 440 of the General Statutes of Kansas of 1868, and section 5312. supra, being section 4633, vol. 2, General Statutes of Kansas 1889, and section 534 of the General Statutes of Kansas of 1868. These sections of our statutes, supra, have been given a fixed and settled construction by the Supreme Court of the state of Kansas prior to their adoption here, and by this fixed and settled construction we are bound. United States ex rel. v. C., O. & G. R. Co., 3 Okla. 404, 458, 41 Pac. 729; Raymond v. Nix, Halsell & Co., 5 Okla. 656, 662, 49 Pac. 1110; Barnes et al. v. Lynch et al., 9 Okla. 156, 170, 59 Pac. 995; Cordray v. Cordray. 19 Okla. 36, 91 Pac. 781; Maas et al. v. Dunmyer. 21 Okla. 434, 96 Pac. 591; Pioneer Tel. & Tel. Co. v. City of Bartlesville, 27 Okla. 214. 111 Pac. 207; Spaulding et al. v. Polley, 28 Okla. 764. 115 Pac. 864.

In an opinion by Chief Justice Horton, speaking for the Supreme Court of Kansas, 1882, we find the following:

"This was an action in the nature of ejectment by defendants in error (plaintiffs below) against plaintiffs in error (defendants below). Plaintiffs below rested their right for the recovery of the real estate in controversy upon a sheriff's deed executed to their grantor, Daniel B. Hadley, upon the 12th day of November, 1880. It appears from the recitation in said deed that the sale of the real estate was had upon a purported revival of a judgment, entered April 10, 1880. The real question involved in the case is whether the order of revival was void. The judgment was rendered on the 13th day of March, 1872. for the sum of $901.30, in an action

then pending in the district court of Wyandotte county, wherein Alfred H. Sowers was plaintiff and W. F. Schwartz and George Gruble were defendants. This judgment became dormant. On February 24, 1880, the plaintiff in said judgment filed his motion to obtain an order to revive the judgment. As the mode of reviving the judgment is the same as that of reviving an action, and therefore must be made within a year after the judgment becomes dormant, unless consent is given, and as no consent was given in this case, it is clear that the order of revivor was erroneously made on the 10th of April, 1880. Angell v. Martin, 24 Kan. 234; Halsey v. Van Vliet, 27 Kan. 474. Was it a nullity? Section 428 of the Code prescribes that if the order is not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons upon the party adverse to the one making the motion, and if sufficient cause be not shown against the revivor, the order shall be made. Where a notice is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and the terms of the order. or orders, to be applied for, and if affidavits are to be used on the hearing, the notice shall state that fact. Code, sec. 534. Instead of this notice a summons in the ordinary form was issued, notifying W. F. Schwartz and George Gruble that they had been sued by Alfred H. Sowers, and that unless they answered by the 20th day of March, 1880, the petition of the plaintiff filed against them would be taken as true, and judgment rendered accordingly. This summons was personally served on George Gruble on the 26th day of February, 1880. The summons does not meet the requirements of the notice prescribed to be served before an order of revivor of a dormant judgment can be made, and as the judgment of March 13, 1872, was final in its character, the defendants therein were acquit and dismissed without day at the close of the term at which it was rendered. No further action could be taken in the case prejudicial to their interests without notice to them. If the plaintiff in that judgment desired to revive it. he must have pursued the course pointed out by the statute. The terms of a notice for the application for an order of revivor, to be served before the order shall be made, are clearly set forth in the statute; and, although such notice is to be served in the same manner and returned within the same time as an ordinary summons, yet, to give the court jurisdiction, the notice must be in substantial compliance with the statute. As the summons issued in no way complied with the statute, it cannot be said that the notice was merely defective. A summons was issued, but no notice. Lyon v. Vanatta, 35 Iowa. 521; Freeman on Judg., secs. 72, 117. As the order of the revivor of

the judgment was made without notice, the court acted without jurisdiction, and such revivor was wholly void. Substantially, the revivor stands as made, without notice to or consent of the parties adverse thereto. As the order of revivor was void, the sale of the property in dispute upon the execution issued upon such order falls, and neither Daniel B. Hadley nor his grantees acquired any right of title or possession to the premises by virtue of the sheriff's sale made upon the execution issued upon said void order by revivor, or upon the sheriff's deed executed upon such sale. From the record, the Woods have no title under the sheriff's deed." Mary Gruble v. R. H. Wood, 27 Kan. 535; Guess v. Briggs, 54 Kan. 32, 37 Pac. 121; Wilson v. McCornack, 10 Okla. 180, 61 Pac. 1068.

Upon this authority the order of revivor in this cause, made by the trial court on September 7, 1915, within the year, but without consent, and without notice, is utterly null and absolutely void, and the court below acted entirely without jurisdiction, and, there being no legal and proper revivor in the court below, where such revivor would of necessity have to be made for the reason that this action was pending in such court at the death of the sole plaintiff, and not in the Supreme Court at the time of his death, no plaintiff in error is legally brought before this court in the proceedings in error, and more than six months. the time fixed by law in which to commence proceedings in error in this court, having elapsed, there is no judgment of the court below, and no revived cause of action brought up for this court to hear, consider, and determine. This action cannot be revived here, for the obvious reason that the plaintiff in error, plaintiff below, did not die while the action was pending in this court on appeal.

Under section 4742, Rev. Laws 1910, objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action, is never waived. The want of jurisdiction in the trial court may be raised for the first time in the appellate court. In re Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Peters v. United States, 2 Okla. 116, 33 Pac. 1031; Parlin & Orendorff Co. v. Schram, 4 Okla. 651, 46 Pac. 490; Rasberry v. State, 4 Okla. Cr. 613, 103 Pac. 865; New v. Collins, 21 Okla. 430, 96 Pac. 607; Cummings v. McDermid, 4 Okla. 272, 44 Pac. 276; Morrison v. Burnette, 154 Fed. 617, 83 C. C. A. 391; Gibbons v. Territory, 5 Okla. Cr. 212, 115 Pac. 129; Shapleigh Hardware Co. v. Brittain, 2 Ind. T. 242, 48 S. W. 1069; Ansley v. McLoud, 5 Ind. T. 563, 82 S. W. 908; Buckles v. State, 5 Okla. Cr. 109, 113 Pac. 244.

"A motion to dismiss proceedings in error, which raises a jurisdictional question, will be considered and determined, when the case is reached for final disposition, although the notice thereof required by rule 16 of the court has never been given." Marvel v. White, 5 Okla. 736, 50 Pac. 87.

And jurisdictional questions, both as to the trial court and the appellate court, will be raised by the appellate court on its own initiative, or sua sponte. V. J. Howard et al. v. Freeman Arkansaw et al., 59 Okla. —, 158 Pac. 437, and cases therein cited.

Counsel for plaintiffs in error make an extensive argument in their response to motion to dismiss appeal, the conclusion reached being as follows:

"Here the appealing party dies, and his heirs immediately step into his place, and, filing in their own behalf a petition in error, prosecute the appeal prepared for by their ancestor, and duly serve and bring into court the defendant. All parties interested are here, and the defendant, being here, has no complaint to offer, except that he don't want to answer to the cause of action, but this is no ground for dismissal, except in his own mind."

With this contention and conclusion we cannot agree. Parties cannot confer jurisdiction upon any court by agreement, and certainly can neither confer jurisdiction upon the Supreme Court by agreement nor by walking or waltzing into the case voluntarily as an original action in the Supreme Court. American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co., 31 Okla. 533, 122 Pac. 507; Springfield Fire & Marine Ins. Co. v. Gish, Brooks & Co., 23 Okla. 824, 102 Pac. 708.

There is nothing in the case of Skillern et al. v. Jameson et al., 29 Okla. 84, 116 Pac. 193, that supports the contention and conclusion of counsel for plaintiffs in error, supra—nothing. The journal in the office of the clerk of the Supreme Court shows that the supplemental petition and application for revivor, filed in this cause by the so-called plaintiffs in error in this court. was, by order of the Supreme Court proper, on the 28th day of March, 1916, duly denied on the authority of the Skillern-Jameson case, supra.

This supplemental petition, etc., supra, and petition of George G. Zahn, administrator of the estate of Abe Zahn, deceased, filed in this court September 8, 1915, which does not appear to have ever been acted on in this court, come too late, and this action not having been revived in the court below before the statutory time for instituting proceedings in error had expired, as already held in this opinion, confer no jurisdiction upon this court to proceed, and must therefore each be denied.

Aside from a failure to give notice, the attempted revivor is void. The subject-matter of the action is personal property, and passes to the representatives of the deceased and not to his heirs. Section 5290, Rev. Laws 1910, provides:

"Upon the death of the plaintiff in an action, it may be revived in the name of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names: where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

In Glazier v. Heneybuss, 19 Okla. 316, 91 Pac. 872, the Supreme Court said:

"In this case, upon the death of the plaintiff, the right of action passed, not to his heirs, but to the administratrix of his estate. The subject-matter of the action was a part of the personal estate, and subject to the payment of the debts of the deceased, if judgment be secured and satisfied. The attempted revival in the names of the heirs was therefore a nullity and of no consequence in the determination of the question in this case."

To the same effect is McKay v. Watson, 40 Okla. 354, 137 Pac. 1177; Presbury v. Pickett, 1 Kan. App. 631, 42 Pac. 405.

Counsel for the so-called plaintiffs in error has a misconception of section 4768, Rev. Laws 1910, when he makes the following statement and construction thereof at page 4 of his response to motion to dismiss appeal:

"Our statute provides (section 4681, Harris) that 'Every action must be prosecuted in the name of real parties at interest,' and that 'the title of a cause shall not be changed at any of its stages' (section 4768, Harris). It is therefore apparent that an appeal could only be prosecuted as done by the appellants, continuing the title the same as the petition in error shows who the parties at interest are, and that they prosecute the appeal. There is no pretense that Abe Zahn prosecuted the appeal. There is therefore no basis for the pretension of movant, and it is immaterial whose name is plaintiff in error. Movant, however, is in error in this for the petition in error filed by the administrator on September 8, 1915, when he came into the proceeding, shows that the action had been revived in the name of the successors in interest, and he adds them to the caption in a way not to violate the statute above cited. All the petitions in error filed in this proceeding show distinctly who was prosecuting the proceeding."

Kansas adopted this section, 4768, supra, from the Code of Civil Procedure of Ohio by an act of the Fifth Territorial Legislature of February 11, 1859. It was section 116 of the Ohio Code. Prior to its adoption by Kansas, and as early as January, 1855, the superior court of Cincinnati, in the case of Ansonia India Rubber Co. v. Wolf, 1 Handy (Ohio) 236, had given it the following settled construction:

"Section 116 of the Code, which provides that 'the title of a cause shall not be changed in any of its stages,' means the title or caption of the answer or demurrer, or other paper filed in the cause after the petition, shall be like that of the petition. naming plaintiff first; whereas, before the Code, it was usual to name the party putting in the pleading first. Section 116 does not conflict with section 137, which authorizes the court in furtherance of justice, to amend any pleading, etc., by adding to or striking out the name of any party," etc.

This we hold to be the proper construction to be placed on section 4768, supra, under the practice and procedure in our jurisdiction.

For the reasons herein set forth, the motion to dismiss will be sustained, and the appeal and proceedings in error dismissed.

By the Court: It is so ordered.