## MRS. CARL MISSEL v. STATE.

No. A-5345. Opinion Filed March 20, 1926.
(244 Pac. 462.)

Wieck & Armstrong, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county upon a charge of driving an automobile at a rate of speed of more than 15 miles per hour at a street intersection, where the view was obstructed for more than 150 feet, and sentenced to pay a fine of

$25. The prosecution is under section 2 of chapter 16, Session Laws of Oklahoma 1923, the charging part of which is as follows:

"One Mrs. Carl Missel did then and there unlawfully and wrongfully, drive and propel one certain Dodge roadster automobile, * * * on East Bridge street at the intersection of said East Bridge street and D street, which said intersection aforesaid was obstructed from the view of the said Mrs. Carl Missel for more than 150 feet before the approach of said intersection aforesaid, in the city of Blackwell, at a greater rate of speed that 15 miles per hour. * * *"

Section 2 of said chapter 16, Session Laws 1923, is as follows:

"Any person or persons operating or driving, or propelling any vehicle as set out and designated in section 1, of this act, upon said highways shall operate, drive or propel same in a careful and prudent manner, and at a rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles, whether such vehicles are propelled by muscular power, electricity, gas, gasoline or steam; no person or persons shall operate, propel, or drive a motor vehicle as defined in section 1, of this act, on any highway at such rate of speed as to endanger the life or limb of any other person or persons, or the safety of any property, and it shall be unlawful to operate, propel or drive such motor vehicle as defined in section 1, of this act, upon any highway within the state of Oklahoma at a rate of speed in excess of thirty-five miles an hour; provided, further, no person or persons shall operate, propel or drive any motor vehicle as provided for in section 1, of this act, in any city, town or village or at the intersection of the street, alley, highway or in approaching any electric or steam railway crossing at grade, or in approaching or going around corners or curves in said street, alley or highway, where the operator, driver

378

or propellor of said motor vehicle has not an unobstructed view of at least one hundred and fifty feet before the approach of such street, alley or highway, curve or corner, at a greater rate of speed than fifteen miles per hour; provided, further that any person or persons violating any provision of section 2, of this act, shall be guilty of a misdemeanor for the first offense and shall be fined not less than $25.00, nor more than $100.00, or imprisoned in the county jail for not less than ten nor more than thirty days, or by both such fine and imprisonment, and for the second offense shall be fined not less than $100.00, nor more than $1,000.00, or shall be imprisoned in the county jail for a period of not less than thirty days, nor more than six months, or by both such fine and imprisonment."

The contention is made that that part of the section just quoted, making it an offense to approach an intersection where the operator, driver, or propellor of a motor vehicle has not an unobstructed view, is too indefinite to be intelligible. It will be observed that the statute does not set out at what point of approach the view shall be unobstructed, whether at or immediately before, or at any distance before arriving at the intersection. It cannot be determined whether the view referred to shall be straight ahead on the street traveled or applies to a view along the intersecting street. It does not designate the nature of the obstruction that shall interfere with the view—whether it shall be a permanent obstruction as buildings or casual obstruction as vehicles.

It is within the exclusive province of the Legislature to declare what shall constitute a crime, and it is a fundamental rule of construction that the legislative intent is to govern in determining the true meaning of a statute. In defining a crime, however, the Legislature may not use language so broad and indefinite that a citizen charged with a violation of such statute would

not know what he must prepare to defend against. That is to say, penal statutes ought not to be expressed in language so uncertain and indefinite as to mislead or deceive the common mind, but should be expressed in language that may be understood by a person of ordinary understanding. Buckles v. State, 5 Okla. Cr. 109, 113 P. 244; Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 P. 179; State v. Lawrence, 9 Okla. Cr. 16, 130 P. 508. See, also, Connally v. General Construction Co., 46 S. Ct. 126, 70 L. Ed. —, which holds the Oklahoma Current Wage Law (section 7257, Comp. 1921), void for uncertainty.

We think that part of section 2, supra, attempting to create and define an offense of operating, driving, or propelling a vehicle approaching a street intersection where the view is not unobstructed for a distance of 150 feet, does not meet this requirement. Under its terms, a person of ordinary understanding is not able to determine when he has committed a crime. No ordinary human being, under its language, can tell exactly what was the legislative intent. This part of the statute is too indefinite and uncertain and unintelligible to define a criminal offense, and no conviction can be had under it.

The case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.