## ISADORE GROSKINS v. STATE.

No. A-7991.   Oct. 16, 1931.
(4 Pac. [2d] 117.)

198

Walton, Day & Miller and Morris & Tant, for plaintiff in error.

J. Berry King, Atty. Gen., and John Embry, Co. Atty., (A. R. Swank, of counsel), for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of a violation of the "Blue Sky Law," and was sentenced to serve a term of seven years in the state penitentiary.

Subsequent to his conviction and prior to filing this appeal, defendant filed a petition for a writ of habeas corpus, number A-7820, 52 Okla. Cr. 183, 4 Pac. (2d) 120, but before that matter had been decided by this court this appeal was filed, and by stipulation of counsel the habeas corpus proceeding is abandoned, and the validity of the judgment will be determined in this action. This appeal is by transcript.

The information alleges, in substance, that defendant with others therein named sold certain "speculative securities" to Thomas J. Hart and Anna E. Hart, same being the securities of the Puritan Royalties Corporation, a corporation organized under the laws of the state of Delaware. The sale was of 35 shares of class A, and 105 shares class B, stock of such corporation, for $100 in money, and the further consideration of 8 shares of City Service Company of a value of $248. That the value of the stock sold by defendant materially depended upon proposed future promotion and development, rather than upon tangible assets and conditions, in that the objects and purpose for which said corporation was formed were to deal, buy, contract for, and acquire oil and gas mining royalties and leases, the value of which materially de-

pended on the actual discovery and development of such property for oil and gas purposes, and were securities of which profit and gain unusual in the ordinary course of legitimate business was promised, and were securities into the par value of which the element of chance or hazard of speculative profit or possible loss equaled or predominated over the element of reasonable certainty, safety, and investment. That the sale was made without said corporation having complied with the provisions of the Blue Sky Law.

The allegations of the information attempt to charge an offense in the sale of speculative securities as defined by section 2270, Comp. St. 1921. This section contains six definitions of "speculative securities"; only three of these are attempted to be covered by the allegations, definition (1), definition (3), and definition (4). That part with which we are here concerned is:

"* * * The term 'speculative securities' as used in this act shall be taken to mean and include, (1) All securities to promote or induce the sale of which, profit, gain or advantage unusual in the ordinary course of legitimate business is in any way advertised or promised; * * * (3) all securities into the specified par value of which the element of chance or hazard of speculative profit or possible loss equal or predominate over the element of reasonable certainty, safety, and investment; (4) all securities the value of which materially depends on proposed or promised future promotion or development rather than on present tangible assets and conditions. * * *"

The first contention is that the information is insufficient in that the exception to the application of the statute contained in section 2279, Comp. St. 1921, should be negatived in the information. This provision exempts from the operation of the statute the sale of stocks or bonds where the same are sold for cash and no commission

or fee is paid directly or indirectly for the sale of the same, and no expense for such sale is charged to the company of issue or the purchaser. Defendant contends that this exception or exemption should have been negatived by proper allegation in the information. Counsel for the state insist the information does negative such exemption by alleging the stocks were not sold for cash, but were sold in part for cash and in part for exchange of other securities. They further insist that since the exemption or exception is not incorporated in the clause defining the offense, nor connected with it in any manner, it is a matter of affirmative defense.

The question arises, Is a transaction, by which speculative securities are exchanged in part for cash and in part for other securities or property, where it does not appear that any commission fee or expense was charged, constitute a sale for cash, and thus bring the transaction within the exemption of section 2279, supra? In a strict sense, a sale is the passing of title to property for a consideration in money. In a broader sense, it is a transfer of title of property by one person to another for a valuable consideration. In sections 2270 and 2279, supra, the word sale or sold evidently is used in its broader sense, since in the latter section the exemption is for a cash sale under the conditions named, and not to a sale where the consideration is in whole or in part other than cash. That is, an exchange of property is not a cash sale. The operation of a criminal statute should apply to all persons alike and does so apply unless there is some specific exception. Where a transaction within the general terms of a statute is sought to be brought within an exemption or exception provision, the exemption or exception is to be strictly applied, and the person seeking its benefits must fall clearly within its terms, or the exemption will

not apply. The allegation of the information negatives the provision of exemption by the allegation that the sale was not a cash sale.

It is also a general rule that it is only when the exception in a general statute is incorporated in or with the enacting clause of the statute so as to constitute a material part of the definition or description of the offense that it need be negatived in the information. Otherwise, it is a matter of defense. Smythe v. State, 2 Okla. Cr. 286, 101 Pac. 611, 139 Am. St. Rep. 918. There are exceptions to this rule, where the nature of the exemption constitutes a part of the definition or description of the offense, although it is not in the enacting clause. Territory v. Scott, 2 Dak. 212, 6 N. W. 435; United States v. Cook, 17 Wall. (84 U. S.) 168, 21 L. Ed. 538.

In the instant case, the statute defines speculative securities and makes the sale of the same unlawful, unless certain matters have been filed with the state issues commission. All the ingredients of the offense, that is, the prohibition of the sale of speculative securities, are found in sections 1 and 2 of the act of 1919 (sections 2270, 2271, Comp. St. 1921). The proviso or exception is in section 10 of the Act of 1919 (section 2279, Comp. St. 1921). This latter section does not change the ingredients of the offense, but exempts from the operation of the statute a certain kind of sale, as defined by the latter section. This is defensive matter.

It is not contended that the state does not have power to enact this class of legislation as a proper exercise of the police power to protect its citizens from imposition, fraud, and unfair dealings in securities. The validity of such legislation appears to have been challenged in the case of Hornaday et al. v. State, 21 Okla. Cr. 354, 208

Pac. 228, 229. In that case, the constitutionality of the act was not directly declared. Similar legislation has been enacted in various states which has been generally upheld. State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. R. 490; Kreutzer v. Westfahl, 187 Wis. 463, 204 N. W. 595, 602; Dunham v. Ottinger, 243 N. Y. 423, 154 N. E. 298; State v. Nordstrom, 169 Minn. 214, 210 N. W. 1001; Central Lumber Co. v. S. Dak., 226 U. S. 157, 33 S. Ct. 66, 57 L. Ed. 164; Investment Reserve Corp. v. Michigan Securities Commission, 238 Mich. 606, 214 N. W. 311; Caldwell v. Sioux Falls Stock Yards Co., 242 U. S. 559, 37 S. Ct. 224, 61 L. Ed. 493; Alabama & New Orleans Transp. Co. v. Doyle (D. C.) 210 F. 173; Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643.

The defendant earnestly contends that the statute is unconstitutional as being too uncertain and indefinite in its terms in the definition of "speculative securities" to define a criminal offense. That definitions (1), (3), and (4) of section 2270 are so vague and uncertain that they do not inform accused of the nature and cause of the accusation against him as required by section 20, art. 2, State Const., citing 16 C. J. 67; State v. Clifford, 3 Okla. Cr. 421, 106 Pac. 557; State v. Diamond, 27 N. M. 477, 202 Pac. 988, 20 A. L. R. 1527; Missel v. State, 33 Okla. Cr. 376, 244 Pac. 462; Ex parte Westellison, 38 Okla. Cr. 207, 259 Pac. 873; Shaw v. Grumbine, 137 Okla. 95, 278 Pac. 311; Thomas et al. v. Reid et al., 142 Okla. 38, 285 Pac. 92; U. S. v. Capital Trac. Co., 34 App. D. C. 592, 19 Ann. Cas. 68; United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Fisher v. State Insurance Board, 139 Okla. 92, 281 Pac. 300; Matthews v. Murphy (Ky.) 63 S. W. 785, 786, 54 L. R. A. 415; Green v. Blanchard, 138 Ark. 137, 211 S. W.

375-377, 5 A. L. R. 84; Connally v. General Construction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; State v. Skinner, 20 Ala. App. 204, 101 So. 327.

The statute of Alabama in defining "speculative securities" substantially follows our statute. The Skinner Case, supra, was before the Court of Appeals of Alabama. That court certified to the Supreme Court certain constitutional questions, among them the question whether the definition "speculative securities" was sufficiently definite to apprise the defendant of the nature and cause of the accusation against him. The Supreme Court (20 Ala. App. 204, 101 So. 330), answering the certified question, said:

"Definitions 1 and 3 are each vague, indefinite, and uncertain as to their meaning. They each fail to definitely define the speculative securities intended. The description and definition of speculative securities in 1 and 3 are too uncertain and indefinite to be valid under section 6 of the Bill of Rights. 'Profits, gain, or advantage, * * * unusual in the ordinary course of legitimate business' is vague and uncertain. There is no fixed standard in these definitions, 1 and 3, to go by. A person by reading them cannot know what act it is his duty to avoid. The act, declared a crime, by the violation of either, is not stated with certainty so it can be known by a person. It leaves it to be determined by the court or the jury in each particular case. This is not permissible. State v. Goldstein, 207 Ala. 569, 93 So. 308.

"These definitions, appearing in an indictment, would not indicate with certainty and clearness the nature and cause of the accusation against the accused as the Constitution requires, and they must be declared void under section 6 of the Bill of Rights. Definitions numbered 2, 4, 5, 6, 7, and 8, are sufficiency clear, definite, and certain to meet the requirements of section 6 of the Bill of Rights, in the Constitution, and they are not unconstitutional and

void. There is not sufficient obscurity or uncertainty in any one of them to render it void. Definition 4 was construed and sustained by the Supreme Court of North Dakota in State v. Welch, 42 N. D. 44, 172 N. W. 234. This act is framed in part at least, like, and is identical in some of the definitions, with an act in Oklahoma, which was construed in part and sustained by the Criminal Court of Appeals of that state in Hornaday v. State [21 Okla. Cr. 354] 208 Pac. 228. * * *"

When we attempt to analyze definition 1, section 2270, supra, the ordinary mind is unable to determine what is permitted and what is prohibited. It is not always possible to know what constitutes "legitimate business." Nor may one, if he has been able to determine what is "legitimate business," be certain as to what is the "ordinary course" thereof. Then if "profit" is clear, is "gain or advantage" clear. There is no guide in the statute by which it is possible to determine with any degree of certainty what may be lawful or unlawful under this definition.

Next considering definition 3 of section 2270, supra, the ordinary mind is in like difficulty in attempting to determine just what is lawful or unlawful. In what transaction in securities does the "element of chance or hazard" not enter? When does the chance of "profit" become a "speculative profit," or when does the element of chance not threaten with "possible loss"? These things being uncertain, how is it possible to know if they are "advertised or promised"? Definitions 1 and 3 are so indefinite that an information charging their violation does not apprise the accused of the nature and cause of the accusation against him. They are unconstitutional under section 20, art. 2, State Const.

The objections applicable to definitions 1 and 3 do not obtain in the same degree as to definition 4, section

2270, supra. It is possible to know whether a security depends upon future promotion or developments, or upon tangible assets. The ordinary mind comprehends the distinction. The main objection directed to this definition is the use of the words "materially depends." This is a general term, but a statute may use general terms. It is only required that the general terms shall so definitely define the offense that the accused shall be informed of the nature and cause of the accusation against him. The words "depends" or "materially depends" are not technical terms. Their use in this definition does not render it invalid for uncertainty. State ex rel. Rossen v. Welch, Sheriff, 42 N. D. 44, 172 N. W. 234; Duerkob v. Brown (Mo. App.) 255 S. W. 962; Thompson v. State, 6 Okla. Cr. 50, 117 Pac. 216.

The punishment assessed seems to us to be excessive, but since the appeal is by transcript, and the testimony is not before us, we cannot say that justice requires a reduction.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.