## S. J. KING v. STATE.

No. A.-10033.  Oct. 7, 1942.

(130 P. 2d 105.)

Glenn R. Watson, of Okemah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

BAREFOOT, P. J. Defendant, S. J. King, was charged in the district court of Okfuskee county with the crime of maliciously and cruelly injuring a domestic animal; was tried, convicted, and sentenced to pay a fine of $25, and has appealed.

This appeal comes to this court upon a transcript. The evidence offered at the trial is not shown by the record. The question presented is that the statute under which defendant was charged is unconstitutional and void and did not create a public offense, and is in contravention of article 2, sec. 9, and article 2, sec. 7, of the Constitution of this state, and article 14, sec. 1, of the Amendments to the Constitution of the United States. This question was raised by an amended demurrer to the information and in this demurrer it was alleged that the information filed under the above statute is duplicitous, and that the terms of the statute are so indefinite and uncertain that a public charge could not be based thereon.

All of these assignments of error are presented together and may be so considered.

The statute here concerned is Oklahoma Statutes 1931, sec. 1844, O. S. A. (Stat. 1941), Title 21, § 1685, and is as follows:

"Any person who shall wilfully or maliciously overdrive, overload, torture, destroy or kill, or cruelly beat or injure, maim or mutilate, any animal in subjugation or captivity, whether wild or tame, and whether belonging to himself or to another, or deprive any such animal of necessary food, drink or shelter; or who shall cause, procure or permit any such animal to be so overdriven, overloaded, tortured, destroyed or killed, or cruelly beaten or injured, maimed or mutilated, or deprived of necessary food, drink or shelter; or who shall wilfully set on

foot, instigate, engage in, or in any way further any act of cruelty to any animal, or any act tending to produce such cruelty, shall be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars; and any officer finding an animal so maltreated or abused shall cause the same to be taken care of, and the charges therefor shall be a lien upon such animal, to be collected thereon as upon a pledge or a lien."

It is contended, by defendant that because the above statute provides for a punishment "by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars," the statute itself constitutes cruel and unusual punishment. To sustain his contention that the above statute is indefinite and uncertain to the extent that it is unconstitutional and void, defendant in his brief cites the following cases: State v. Lawrence, 9 Okla. Cr. 16, 130 P. 508; State v. Barnett, 60 Okla. Cr. 355, 69 P. 2d 77; Groskins v. State, 52 Okla. Cr. 197, 4 P. 2d 117, and Katzman v. Commonwealth, 140 Ky. 124, 130 S. W. 990, 30 L.R.A., N.S., 519, 140 Am. St. Rep. 359.                                   ,

We have carefully examined these cases, and they do not sustain the contentions of defendant. In each case they uphold the validity of the statute in question. In some of the cases the statutes under consideration are much more general and broad in their terms than the statute here involved. In the Barnett Case, supra, the court sustained a statute, Oklahoma Statutes 1931, §§ 9146 and 9163, O. S. A. (Stat. 1941), Title 6, §§ 18 and 22, which, to our mind, is much more indefinite and uncertain than the one here involved. The court, in approving the case of Groskins v. State, 52 Okla. Cr. 197, 4 P. 2d 117, said [60 Okla. Cr. 355, 69 P. 2d 89]:

"A penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited. * * *

"This court is of opinion that the statute, including the sections in question, is constitutional and that all objections which have been urged thereto are without merit. Hence, the motions to quash and set aside the indictments in the two cases before the court below should be overruled."

The Lawrence Case, supra, fully supports the contention of the state and not that of the defendant. It is true that the offense there involved was a common-law crime and the one here involved is statutory, but there is no difference in the rule by reason of this fact. The opinion states [9 Okla. Cr. 16, 130 P. 510]:

"We are of the opinion that [Comp. Laws 1909], section 2782, 21 O. S. 1941 § 22, is not void for uncertainty and that it is valid and enforceable, and that any act which is willful and wrongful and which results in grossly disturbing the public peace, or openly outrages public decency, or injures public morals, is within its terms, and constitutes an offense against the laws of the state of Oklahoma."

In the Katzman Case, supra, the statute was upheld and the rule announced as follows [140 Ky. 124, 130 S.W. 991, 30 L.R.A., N.S., 519, 140 Am. St. Rep. 359]:

" 'No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it.' * * *

"Every penal statute should be given a reasonable construction—one that will effectuate the legislative intent in its enactment—and, if it describes the offense in language that can be understood by persons of ordinary intelligence, it will not be declared invalid on the ground of uncertainty. The established rules of construction do

not require that the sufficiency of penal statutes should be measured by a technical standard that would impair their efficiency and make their enforcement difficult, if not impossible. A little common sense, as well as legal learning, must be used in the practical administration of the law; and it is not essential that a statute shall be so elaborate in its detail as to attempt to meet every possible state of fact that may arise under it. * * * The intention of the Legislature is to be collected from the words employed, but in construing a statute the court will look to the whole act, and the purpose of its makers in its enactment."

It may be true that the statute above quoted is loosely drawn, but throughout it reveals that its main purpose is to punish those who are cruel to domestic animals. It provides many ways for the carrying out of this cruelty. Certainly the shooting of a domestic animal with a shotgun, as is charged in the instant case, would, if proved, constitute an act of cruelty contemplated by the statute. From a reading of the information, which is contained in the transcript, the defendant could not but know with a degree of certainty with what crime he was charged and what it was necessary for him to meet. While the evidence is not contained in the record, it does reveal that his defense was that of an alibi. He was not and could not have been misled in any way by the indefiniteness or uncertainty of the charge. Our statutes, Oklahoma Statutes 1931, sec. 3, O. S. A. (Stat. 1941), Title 25, § 29, provide that a liberal construction should be placed upon the interpretation of criminal statutes, with a view to effect their objects and to promote justice, and they should not be held unconstitutional unless clearly shown to be. The statute here involved gives a wide latitude as to the punishment which may be inflicted. It is to be assessed by the court or jury as the facts in each case justify. In the instant case a fine of $25 was

imposed. This of itself could not be said to be cruel and unusual punishment for the malicious shooting of a hog.

It is not necessary in this case for the court to pass upon the question as to whether the assessment of a $25 fine under this statute constitutes a felony. This question is not directly raised and is not fully briefed. We reserve this question for future consideration when the same may be properly raised and presented.

To support the contention of defendant that the statute above quoted constitutes cruel and unusual punishment, the following Oklahoma cases are relied upon: Ellis v. State, 54 Okla. Cr. 295, 19 P. 2d 972; Ex parte Frank Meyers, 55 Okla. Cr. 75, 24 P. 2d 1011. Both of these cases uphold the statute under consideration. In the Ellis Case the court said [54 Okla. Cr. 298, 19 P. 2d 974]:

"Originally, no doubt, this prohibition was intended to forbid punishment of a barbarous character as the whipping post, the pillory, burning at the stake, breaking on the wheel, dismemberment, mutilation, or punishment in the nature of torture."

In the Meyers Case it was said [55 Okla. Cr. 76, 24 P. 2d 1012]:

"A large discretion is vested in the Legislature in the fixing of penalties * * * and a penalty imposed by statute will not be held unconstitutional as excessive, unless it is so excessive as to shock the sense of mankind."

This case expresses the general rule as announced by the text-books and authorities in general: 15 Amer. Jur., § 523, p. 171; 24 C.J.S., Criminal Law, §§ 1978 and 1979, pp. 1187-1194, and cases cited.

We do not think that the penalty imposed by the statute above quoted is "so excessive as to shock the sense

of mankind." As stated above, there may be individual cases which demand heavy punishment. Others may demand lighter. This statute permits both a high degree and a low degree of punishment, as the circumstances warrant.

Finding no error, the judgment and sentence of the district court of Okfuskee county is affirmed.

DOYLE and JONES, JJ., concur.