Donald Lee **MALONEY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–244.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1975.

As Corrected Feb. 14, 1975.

Don Manners, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant Donald Lee Maloney, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–72–459, for the offense of Cruelty to Animals in violation of 21 O.S.1971, § 1685, and from the judgment and sentence (which was imposed on March 13, 1974), fixing his punishment at a fine of Five Hundred ($500.00) Dollars, he appeals.

Since this case must be reversed and remanded for a new trial, we deem it unnecessary to set forth the evidence adduced at trial; suffice it to say that the allegations of the charge in part of the Information [1], and the evidence adduced on trial, were sufficient to fall within the provisions of 21 O.S.1971, § 1682, but were not within the purview of 21 O.S.1971, § 1685. The provisions of 21 O.S.1971, § 1685 are as follows:

"*Cruelty to animals*

Any person who shall wilfully or maliciously overdrive, overload, torture, destroy or kill, or cruelly beat or injure, maim or mutilate, any animal in subjugation or captivity, whether wild or tame, and whether belonging to himself or to another, or deprive any such animal of necessary food, drink or shelter;

1. The gist of the Information was, in substance, that on the 24th day of September, 1972, the defendant maliciously placed a dog in a pit with another dog and encouraged said dogs to fight, injure, maim or kill one another, at which time said dogs did fight, injure and maim one another.

or who shall cause, procure or permit any such animal to be so overdriven, overloaded, tortured, destroyed or killed, or cruelly beaten or injured, maimed or mutilated, or deprived of necessary food, drink or shelter; or who shall wilfully set on foot, instigate, engage in, or in any way further any act of cruelty to any animal, or any act tending to produce such cruelty, shall be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars; and any officer finding an animal so maltreated or abused shall cause the same to be taken care of, and the charges therefor shall be a lien upon such animal, to be collected thereon as upon a pledge or a lien."

The provisions of 21 O.S.1971, § 1682 are as follows:

*"Instigating fights between animals*

Every person who maliciously, or for any bet, stake or reward, instigates or encourages any fight between animals, or instigates or encourages any animal to attack, bite, wound or worry another, is guilty of a misdemeanor."[2]

These two statutes were enacted from the original Comp.Laws of Dakota in 1887 and amended in 1910 to harmonize the provisions of the several sections referred to.

■ There are two reasons why the act charged does not fall within the purview of 21 O.S.1971, § 1685. The first and foremost reason is that basic rule of construction which provides that when a general statute and a specific statute declare unlawful the same act or omission, the spe-

cific statute supercedes the general statute. Even the most cursory examination of the provisions of 21 O.S.1971, § 1682, supra, clearly indicate the conduct with which the defendant was charged falls squarely within the provisions of that statute.

The second reason is based on the doctrine of ejusdem generis which is a rule of construction employed to give a proper interpretation of a statute. For consideration of the doctrine of ejusdem generis see the following cases: Ingram v. State, Okl., 51 Okl.Cr. 270, 3 P.2d 736; Curtis v. State, 78 Okl.Cr. 282, 147 P.2d 465; Ex parte Carson, 33 Okl.Cr. 198, 243 P. 260; Smith v. State, 79 Okl.Cr. 1, 151 P.2d 74.

In construing 21 O.S.1971, § 1685, this Court stated in King v. State, 75 Okl.Cr. 210, 130 P.2d 105:

"It may be true that the statute above quoted is loosely drawn but throughout it reveals that its main purpose is to punish those who are cruel to domestic animals. It provides many ways for the carrying out of this cruelty. Certainly the shooting of a domestic animal [a hog] with a shotgun, as is charged in the instant case would, if proved, constitute an act of cruelty contemplated by the statute."

Further, in Laner v. State, Okl.Cr., 381 P. 2d 905, this Court sustained a conviction where the defendant was charged under the provisions of 21 O.S.1971, § 1685. In *Laner* the defendant shot two trained wolf hounds which were chasing a deer. In the body of the opinion at pages 908 and 909, we stated:

"There is no law in Oklahoma that gives a person the right to shoot a dog for chasing deer, and until such a law is en-

---

2. In Lock v. Falkenstine, Okl.Cr., 380 P.2d 278, in construing this statute as it pertained to gamecock fighting, this Court stated in the sixth paragraph of the Syllabus:
   "A Statute such as Title 21 O.S.A. § 1682, which is neither clear or explicit or certain, nor designed so the person of ordinary intelligence can understand what it forbids and is subject to numerous interpretations, is invalid as violation of due process."
   The holding of Lock v. Falkenstine, supra, held the statute unconstitutional only insofar as its attempted enforcement to prevent game-

cock fighting, since gamecocks are not animals within the contemplation of the statute. Any statement contained in that case not related to gamecock fighting was mere dicta and has no application in the instant case where the language is so clear and unambiguous that a person of ordinary intelligence can understand what it forbids. A dog is an animal and the acts sought to be prosecuted in the instant case fall squarely within the purview of this statute and the statute is constitutional as applied to the instant case.

acted, we must consider the action taken by the defendant to be in violation of 21 O.S.1961 § 1685.

This Court certainly does not condone the killing of deer by packs of dogs that are left to run wild by their owners. However, in the instant case we do not feel that this was true. These were trained wolf hounds that were running a wolf trail and the defendant admitted shooting them and then driving off. He did not even take the time to see if they had been killed outright. He knew that he had hit the dogs and he was willing to let them drag themselves off and suffer and die. The trial court felt that this was cruelty to animals, and we can but agree."

From the foregoing construction, it is readily apparent that 21 O.S.1971, § 1685, supra, was enacted to prevent malicious or inhumane cruelty, or torture, to animals by the person charged. It was not the legislative intent to extend the provisions of this statute to cover unlawful misconduct made punishable under the provisions of 21 O.S. 1971, § 1682, both of which were revised in 1910.

The record reflects that the trial court gave the following instruction:

"The Statutes of this State further provide that 'Every person who maliciously, or for any bet, stake or reward, instigates, or encourages any fight between animals, or instigates or encourages any animal to attack, bite, wound or worry another, is guilty of a misdemeanor' and '. . . . shall be fined not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($100.00), or be imprisoned in the County jail for not more than Thirty (30) days, or both such fine and imprisonment.' "

This, obviously, is a blending of 21 O.S. 1971, § 1682 and 21 O.S.1971, § 1692. If an Amended Information is filed under 21 O.S.1971, § 1682, this instruction is a proper one except for that portion which reads:

" . . . shall be fined not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($100.00), or be imprisoned in the County jail for not more than Thirty (30) days, or both such fine and imprisonment."

Title 21 O.S.1971, § 1682 defines the offense as a misdemeanor, but no punishment was prescribed therefor, nor does the section that follows thereafter which makes punishable the keeping of places for fighting animals. Both of these statutes were amended under the revised laws of 1910, and although both were defined as misdemeanors, no punishment was provided therefor. Apparently the trial court instructed under the provisions of 21 O.S. 1971, § 1692 enacted in 1957. This punishment provision relates only to 21 O.S.1971, § 1691 prohibiting the abandoning of domestic animals along streets or highways or in any public place. Both statutes were enacted in 1957 and it is quite apparent that the penalty provision could only have referred to 21 O.S.1971, § 1691.

In the event that an Amended Information is filed and a new trial held, the trial court should instruct under the provisions of 21 O.S.1971, § 10, which provides:

*"Punishment of misdemeanor*

Except in cases where a different punishment is prescribed by this chapter or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding one year or by a fine not exceeding five hundred dollars, or both such fine and imprisonment. R.L. 1910, § 2091."

For all of the above and foregoing reasons, this case is reversed and remanded for a new trial consistent with this opinion.

BRETT, P. J., and BLISS, J., concur.