378 So.2d 284 (1979)
STATE of Florida, Appellant,
v.
Donna ASHCRAFT, Appellee.
No. 55738.
Supreme Court of Florida.
December 20, 1979.
Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Wilbert Stevenson, Jr., Asst. Public Defender, West Palm Beach, for appellee.
*285 BOYD, Justice.
This case is before the Court on appeal from an order of dismissal entered by the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County. The court below passed on the validity of a state law, thus vesting this Court with jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const.
The state by information charged Ms. Ashcraft with introducing phenmetrazine into a county detention facility in violation of section 951.22(1), Florida Statutes (1977).[1] The appellee moved to dismiss on the ground that section 951.22 is vague and overbroad. The court granted dismissal, holding that the statutory language referring to an "excitative drug" is unconstitutional due to impermissible vagueness and overbreadth.
The appellant contends that the statute is neither vague nor overbroad. Ms. Ashcraft, on the other hand, argues that the circuit court's holding should be affirmed.
Under the due process clauses of the fifth and fourteenth amendments to the United States Constitution, and article I, section 9 of the Florida Constitution, a penal statute must be expressed in language that is definite enough to provide notice of what conduct will constitute a violation. E.g., Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). If the language is definite enough, when measured by common understanding and practice, to apprise ordinary persons of common intelligence of what conduct is proscribed, the statute is not vague. E.g., State v. Wershow, 343 So.2d 605 (Fla. 1977); Newman v. Carson, 280 So.2d 426 (Fla. 1973); Zachary v. State, 269 So.2d 669 (Fla. 1972). Using this standard, we hold that the statutory words "excitative drug" are sufficiently definite. Gissendanner v. State, 373 So.2d 898 (Fla. 1979).
The circuit court held a hearing on the appellee's motion to dismiss. It was then that the court heard testimony forming the factual basis for the court's conclusion that "the term `excitative drugs' encompasses such things as amphetamines, phenmetrazine, caffeine and adrenaline." Opining also that "neither adrenaline nor caffeine are illegal," the court concluded that "therefore, the term `excitative drugs' is overbroad in that it encompasses those things which are both legal and illegal."
In order for the appellant to maintain her challenge to the statute on the ground of overbreadth as applied to her case, she is required to establish that her own admitted conduct was wholly innocent and its proscription not supported by any rational relationship to a proper governmental objective.
Where the asserted overbreadth of a law may have a chilling effect on the exercise of first amendment freedoms, a challenge will be permitted even by one who does not show that his own conduct is innocent and not subject to being regulated by a narrowly drawn statute. Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This is not such a case.
Phenmetrazine is a controlled substance under Florida law, section 893.03(2)(c)3, Florida Statutes (1977), and no question of the rationality of its regulation is before us. Appellee does not contend that its introduction *286 into a county jail is innocent conduct. The trial court did not hold her to the proper standard for overbreadth challenge.
The circuit court erred in holding the statute vague and in holding it overbroad. The decision is reversed and the case is remanded for the entry of an order denying the appellee's motion to dismiss.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] 951.22 County detention facilities; contraband articles. 

(1) It is unlawful except as duly authorized by the sheriff or officer in charge to introduce into or possess upon the grounds of any county detention facility as defined in § 951.23 or to give to or receive from any inmate of any such facility wherever said inmate is located at the time or to take or to attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this act, to wit: Any intoxicating beverage; any narcotic, hypnotic, or excitative drug; any firearm or any instrumentality customarily used or which is intended to be used as a dangerous weapon; and any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.
(2) Whoever violates subsection (1) shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.