401 So.2d 1110 (1981)
Peter WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 58266.
Supreme Court of Florida.
July 16, 1981.
*1111 Richard L. Jorandby, Public Defender and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
BOYD, Justice.
This cause is before us to review a county court order upholding the constitutionality of section 828.12, Florida Statutes (1979). Since the notice of appeal was filed before the 1980 constitutional amendment, we have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972).
Appellant was charged with violating Florida's Cruelty to Animals statute by unnecessarily or cruelly beating, mutilating, or killing a raccoon. The statute provides:
Whoever unnecessarily overloads, overdrives, tortures, torments, deprives of necessary sustenance or shelter, or unnecessarily or cruelly beats, mutilates, or kills any animal, or causes the same to be done, or carries in or upon any vehicle, or otherwise, any animal in a cruel or inhuman manner, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 828.12, Fla. Stat. (1979). Appellant pled nolo contendere, specifically reserving his right to appeal the trial court's order which denied his motion to dismiss and upheld the constitutionality of the statute. We affirm.
Appellant argues the statute is unconstitutionally vague and overbroad. His specific argument is that the statute fails to give reasonable guidance as to what animals are included and what acts are "unnecessary." The standard to be applied in such cases is whether the statute conveys "sufficiently definite warnings of the proscribed conduct when measured by common understanding and practice... ." Linville v. State, 359 So.2d 450, 452 (Fla. 1978) (footnote omitted). "[D]ue process requires that a person of common intelligence must be able to discern the activity sought to be proscribed by statute." Scullock v. State, 377 So.2d 682, 683 (Fla. 1979).
We first note that the majority of state courts confronted with this issue have upheld the constitutionality of cruelty to animal statutes against claims of unconstitutional vagueness. See, e.g., State v. Kaneakua, 597 P.2d 590 (Haw. 1979); Moore v. State, 183 Ind. 114, 107 N.E. 1 (1914); State ex rel. Miller v. Claiborne, 211 Kan. 264, 505 P.2d 732 (1973); State v. Hafle, 52 Ohio App.2d 9, 367 N.E.2d 1226 (1977); King v. State, 75 Okla. Cr. 210, 130 P.2d 105, 144 A.L.R. 1037 (1942); McCall v. State, 540 S.W.2d 717 (Tex.Cr.App. 1976). In only one of these cases, State v. Kaneakua, was the definition of "animal" attacked as being vague. The Hawaii statute defined "animal" to include "every living creature." Haw. Rev. Stat. § 711-1100(5) (1976). The Hawaii Supreme Court found no problem in *1112 holding that a gamecock fell within this definition. State v. Kaneakua, 597 P.2d at 592.
We find Florida's statute to be even more specific than Hawaii's. Animal is defined as "every living dumb creature." § 828.02, Fla. Stat. (1979). This definition excludes human beings from the commonly understood definition of animals. People of common intelligence are able to discern what are and are not animals. There can be no doubt that the legislature intended for raccoons to be included in this definition. Appellant was sufficiently apprised that it would be a violation of the statute to torture a raccoon. We therefore hold that the terms "animal" and "every living dumb creature" are not unconstitutionally vague.
Nor do we find the term "unnecessarily" to be unconstitutionally vague. In response to a similar challenge, we stated:
The particular words complained of, "unnecessarily or excessively" are not vague when considered in the context of the entire Statute and with a view to effectuating the purpose of the act. The fact that specific acts of chastisement are not enumerated, an impossible task at best, does not render the statutory standard void for vagueness. Criminal laws are not "vague" simply because the conduct prohibited is described in general language.
Campbell v. State, 240 So.2d 298, 299 (Fla. 1970) (footnote omitted), appeal dismissed, 402 U.S. 936, 91 S.Ct. 1634, 29 L.Ed.2d 105 (1971); see also Cobb v. State, 376 So.2d 230 (Fla. 1979); State v. Joyce, 361 So.2d 406 (Fla. 1978).
With respect to appellant's contention that the statute is overbroad, we concede that our literal interpretation of the definition of animal may include certain life forms not contemplated by the legislature. But since appellant's conduct was clearly proscribed by the statute, appellant does not have standing to make an overbreadth attack. Street v. State, 383 So.2d 900 (Fla. 1980); State v. Ashcraft, 378 So.2d 284 (Fla. 1979). Appellant has raised some difficult questions concerning the applicability of this statute to hunters, fishermen, and pest exterminators. We believe that these hypothetical questions are more properly addressed to the legislature than to the courts.
Appellant also claims that the court erred by denying his motion to vacate the sentence. The motion was based on the ground that the judge erred in accepting appellant's plea of nolo contendere without specifically inquiring whether the plea was entered voluntarily. Since the sentence had already been imposed, appellant had the burden of proving that the court's acceptance of the plea amounted to a manifest injustice. Williams v. State, 316 So.2d 267 (Fla. 1975). We find the appellant failed to carry this burden. Appellant failed to even allege that his plea was involuntarily given. The mere fact that the court neglected to specifically ask appellant if the plea was voluntary is insufficient to show a manifest injustice.
We therefore affirm.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., concurs specially with an opinion.
ALDERMAN, Justice, concurring specially.
Because Wilkerson's conduct was clearly proscribed by section 828.12, Florida Statutes (1979), he was without standing to challenge this statute on the basis of overbreadth as applied to him. To maintain an overbreadth challenge, defendant is required to establish that his own admitted conduct was wholly innocent and that its proscription is not supported by any rational relationship to a proper governmental objective. State v. Ashcraft, 378 So.2d 284 (Fla. 1979). The statute was legally applied to Wilkerson under the factual circumstances, and consequently he has no standing to complain that there are situations where the statute could not be constitutionally enforceable against others. State v. Hill, *1113 372 So.2d 84 (Fla. 1979). For this reason, I concur with the majority's affirmance of Wilkerson's conviction.
Putting the particular facts of this case aside, I believe that many instances may arise in which this statute could be successfully challenged on the basis of overbreadth because by the language of this statute the legislature has set a net large enough to catch all possible offenders and has left to the courts the power to say who should be detained and who should be set free. Schultz v. State, 361 So.2d 416 (Fla. 1978); State v. Winters, 346 So.2d 991 (Fla. 1977). Such a statute contravenes due process of law requirements.
Numerous situations may arise under the statute where purely innocent conduct is proscribed in view of the all-encompassing definition of animal as "every living dumb creature," section 828.02. To avoid this statute being held unconstitutional as applied in future cases, the legislature should amend it to appropriately limit its breadth so as not to proscribe innocent conduct.