**STATE of Oklahoma, Appellant,**

v.

**Gregory Scott KUNIS, Appellee.**

**No. PC–85–755.**

Court of Criminal Appeals of Oklahoma.

May 12, 1986.

Robert H. Macy, Dist. Atty., David L. Walling, Asst. Dist. Atty., Sandra Stensaas, Asst. Dist. Atty., Oklahoma City, for appellant.

No Appearance by appellee.

## OPINION

BUSSEY, Judge:

The appellee, Gregory Scott Kunis, entered a plea of guilty on March 12, 1985, in Case No. CRF–84–5677 to the crime of Attempting to Obtain Money Under False Pretenses After Former Conviction of a Felony in the District Court of Oklahoma County. At the same time, he pled guilty in Case No. CRF–85–1039 to the crime of Obtaining Money Under False Pretenses. He was sentenced to ten (10) years imprisonment in each case, the sentences to run concurrently. On July 16, 1985, appellee filed his application for post-conviction relief, and on October 25, 1985, the Honorable Charles L. Owens granted the application and modified the sentences in CRF–84–5677 and CRF–85–1039 to one (1) year, to run concurrently. On November 22, 1985, the appellant, the State of Oklahoma, by and through the office of the District Attorney of Oklahoma County, appealed to this Court, pursuant to 22 O.S.1981, § 1087, the order of the trial court granting appellee's application for post-conviction relief.

Briefly stated the facts are that on November 30, 1984, appellee attempted to obtain a refund of $150 at Dillard's Department store for a food processor by falsely representing that he was the purchaser of the food processor, and that on February 25, 1985, at a Target store, he obtained a refund of $94.49 by falsely representing that he had purchased a ceiling fan at the store. On both occasions, appellee gave a false name and address.

In its sole assignment of error, the appellant challenges the trial court's post-conviction ruling that the judgments and sentences in CRF–84–5677 and CRF–85–1039, charged pursuant to 21 O.S.Supp.1982, §§ 1541.1 and 1541.2, were improper in that the proper charge was Refund Fraud pursuant to 21 O.S.Supp.1984, § 1541.6. At the hearing on appellee's application for post-conviction relief, the Honorable Charles L. Owens found that:

I think, and I do find, that Mr. Ravitz is correct in his position that under the general rules of statutory construction special statutes supersede [sic] to the extent that they differ from a general statute, they supersede [sic] that general statute to that extent, and only to that extent. And I believe, my interpretation of these statutes, interpreting them in a manner where they can stand together. 21 O.S. 1541.1 and 1541.2 provide for those instances of obtaining or attempting to obtain from any person, firm, or corporation any money, property, or valuable thing. Title 21, Section 1541.6, which became effective November 1, 1984, concerns those same things. It

also takes into account giving false or fictitious name or address. And it concerns specifically attempting to obtain a refund for merchandise from a business establishment. Precisely what was charged or intended to be charged in this case.... (TP. 22–23).

Our analysis of this issue necessarily involves a close scrutiny of the pertinent statutes.

Title 21 O.S.Supp.1984, § 1541.6 provides that:

A. No person shall give a false or fictitious name or address as his own, or give the name or address of any other person without the knowledge and consent of that person, for the purpose of obtaining or attempting to obtain a refund for merchandise from a business establishment.

B. Any person convicted of violating the provisions of this section shall be guilty of a misdemeanor punishable by the imposition of a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the county jail for not more than one (1) year, or by both said fine and imprisonment.

Title 21 O.S.Supp.1982, § 1541.1 provides in pertinent part:

Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm, or corporation any money, property or valuable thing, of a value less than Fifty Dollars ($50.00), by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense ...

Title 21 O.S.Supp.1982, § 1541.2 provides in pertinent part:

If the value of the money, property or valuable thing referred to in Section 1541.1 of this title is Fifty Dollars ($50.00) or more, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not more than ten (10) years, or by a fine not to exceed Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment.

The trial court correctly stated that a basic rule of statutory construction is that when a general statute and a specific statute declare unlawful the same act or omission, the specific supercedes the general statute. See, *Maloney v. State,* 532 P.2d 78 (Okl.Cr.1975). However, when two different provisions regulate the same subject matter both provisions are to be given effect, if such effect would not defeat the intent of the Legislature. *State v. Smith,* 539 P.2d 754 (Okl.Cr.1975).

Applying these principles to the above cited statutes, we find that the provisions can be harmoniously construed. The more recent, more specific statute, 21 O.S.Supp. 1984, § 1541.6, is clearly an "attempt" statute and only supercedes 21 O.S.Supp.1982, § 1541.1 to that extent. Section 1541.6 states that: "No person shall give a false or fictitious name or address as his own ... *for the purpose* of obtaining or attempting to obtain a refund for merchandise from a business establishment." (Emphasis added). The crime of Refund Fraud is complete when a person gives a false or fictitious name or address or the name or address of any other person without the knowledge or consent of that person for the purpose of obtaining or attempting to obtain a refund. Clearly, all that is necessary is the giving of the false name or address for the above stated purpose. Thus, Section 1541.6 is an attempt statute and only supercedes the attempt crime of Section 1541.1 where the perpetrator uses a false name or address. However, the crime of Obtaining Money or Merchandise Under False Pretenses in Section 1541.1 is not superceded by Section 1541.6 in that it is not an "attempt" crime. The only situation in which Section 1541.6 will apply is where a person attempts to obtain a refund from a business establishment by using a false or fictitious name or address. In all other cases, Sections 1541.1 and 1541.2 are the controlling statutes.

Therefore, in the instant case, we affirm the trial court's modification in Case No. CRF–84–5677 of the felony of Attempting to Obtain Money Under False Pretenses

After Former Conviction of a Felony to the misdemeanor of Refund Fraud. However, the trial court is directed to reinstate the original judgment and sentence is Case No. CRF–85–1039 where the appellee pled guilty to the crime of Obtaining Money Under False Pretenses.

Accordingly, the order appealed from is AFFIRMED in part and REVERSED in part.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

I must respectfully dissent to the majority opinion. The majority correctly cites *State v. Smith*, 539 P.2d 754 (Okl.Cr.1975), and explains that two provisions which regulate the same subject matter should both be given effect if such effect does not defeat the legislative intent. This Court has also held that "two statutes in apparent conflict should be construed, if reasonably possible, to allow both to stand and be effective." *Brown v. State*, 314 P.2d 362, 365 (Okl.Cr.1957).

The majority's construction of the statutes in the instant case is erroneous, I believe Section 1541.1 prohibits anyone from obtaining or attempting to obtain property:

> by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense, or by any other means or instruments or device commonly called the "confidence game", or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, ...

21 O.S.Supp.1982, § 1541.1 Conversely, section 1541.6 expressly concerns "refund fraud." The conduct which is proscribed in this section is the giving of "a false or fictitious name or address as his own, or giv[ing] the name or address of any other person without the knowledge and consent of that person, ..." 21 O.S.Supp.1984, § 1541.6 The conduct described in these two sections is clearly distinguishable.

The majority justifies its reasoning by asserting that section 1541.6 is an attempt statute. The majority further asserts that the language of the section, viz., "for the purpose" of obtaining, indicates only the offense of attempt. In my opinion, this also is erroneous. Section 1541.6, in entirety, provides:

> A. No person shall give a false or fictitious name or address as his own, or give the name or address of any other person without the knowledge and consent of that person, for the purpose of obtaining *or attempting to obtain* a refund for merchandise from a business establishment.

This Court has held that "the word 'or' in penal statutes is seldom used other than as a disjunctive." *Magness v. State*, 476 P.2d 382, 383 (Okl.Cr.1970). Hence, this section describes both the attempted and completed conduct.

The statutes should, therefore, be given effect independent of one another. The order of the trial court, granting appellee's application for post-conviction relief, should be affirmed. I therefore respectfully dissent.