The Honorable Jerry Hill State Attorney Tenth Judicial Circuit Drawer SA, Post Office Box 9000 Bartow, Florida 33830-9000
Dear Mr. Hill:
You ask the following question:
Whether a hog dog field trial (sometimes called a hog rodeo) violates the provisions of either section 828.12 or section828.122, Florida Statutes?
In sum:
A hog dog field trial would violate the provisions of section828.122 and section 828.12, Florida Statutes.
According to your letter, a hog dog field trial is an event which is open to spectators who are usually charged an entrance fee. At the event, a hog is placed into a fenced enclosure. Thereafter, one or two dogs are released into the enclosure. You state that these dogs are often called bay dogs although they, in fact, act as catch dogs, pursuing and attacking the hog while attempting to bite and secure a hold on it. When this is accomplished, the animals are removed from the enclosure and judges announce scores for the dogs' performance.
Section 828.122, Florida Statutes, is "The Animal Fighting Act."[1] Subsection (3) of the statute provides that any person who commits any of the following acts is guilty of a felony of the third degree, punishable as provided in section 775.082, section775.083, or section 775.084, Florida Statutes:
(a) Baiting, or using any animal for the purpose of fighting or baiting any other animal.
(b) Knowingly owning, managing, or operating any facility kept or used for the purpose of fighting or baiting any animal.
(c) Promoting, staging, advertising, or charging any admission fee to a fight or baiting between two or more animals.
Section 828.122(4), Florida Statutes, makes it a misdemeanor of the first degree for any person to willfully wager any money or other valuable consideration on the fighting or baiting of animals or to attend the fighting or baiting of animals.
"Baiting" is defined within the act to mean
to attack with violence, to provoke, or to harass an animal with one or more animals for the purpose of training an animal for, or to cause an animal to engage in, fights with or among other animals. In addition, "baiting" means the use of live animals in the training of racing greyhounds.[2] (e.s.)
While the definition of "baiting" specifically includes the use of live animals in the training of greyhounds, the definition of baiting is not limited to the training of greyhounds. Rather the language is expansive and includes the use of any animal to engage in fights with other animals. The term "animal" is generally defined for purposes of chapter 828, Florida Statutes, to include "every living dumb creature."[3]
From the information provided to this office, it appears that the hog dog field trials in which the dogs "act as catch dogs, pursuing and attacking the hog while attempting to bite and secure a hold on it" would fall within the above definition of "baiting."
Section 828.122(6), Florida Statutes, states that the provisions of subsections (3) and (4)(b) of the act do not apply to, among others,
* * *
(b) Any person using animals to pursue or take wildlife or to participate in any hunting regulated or subject to being regulated by the rules and regulations of the Game and Fresh Water Fish Commission.
* * *
(e) Any person using animals to hunt wild hogs or to retrieve domestic hogs.
The hog dog field trials clearly do not involve any hunting regulated or subject to regulation by the Game and Fresh Water Fish Commission. Nor do such field trials constitute the hunting of wild hogs or the retrieval of domestic hogs. Accordingly, I am of the opinion that the exceptions set forth above are not applicable.
Section 828.12(1), Florida Statutes, provides:
A person who unnecessarily overloads, overdrives, torments, deprives of necessarily sustenance or shelter, or unnecessarily . . . mutilates, or kills any animal, or causes the same to be done, . . . [to] any animal in a cruel or inhumane manner, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or by a fine of not more than $5,000, or both.
It is a felony of the third degree for any person to torture any animal with the intent to inflict intense pain, serious physical injury, or death.[4]
The words "torture," "torment," and "cruelty" are defined for purposes of chapter 828, Florida Statutes, to include "every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused, except when done in the interest of medical science, permitted, or allowed to continue when there is reasonable remedy or relief. . . ."[5]
Based upon your description of the hog dog field trials, it appears that these activities would constitute the torture or tormenting of, or cruelty to, animals as proscribed in section828.12, Florida Statutes.
Accordingly, I am of the opinion that hog dog field trials would violate the provisions of section 828.122 and section 828.12, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tlsjw
[1] Section 828.122(1), Fla. Stat. (1993).
[2] Section 828.122(2)(a), Fla. Stat. (1993). And see, s.828.122(2)(b), Fla. Stat. (1993), defining "Person" to include every natural person, firm, copartnership, association, or corporation.
[3] Section 828.02, Fla. Stat. (1993). And see, Wilkerson v. State, 401 So.2d 1110 (Fla. 1981).
[4] Section 828.12(2), Fla. Stat. (1993). These acts are "punishable as provided in s. 775.082 or by a fine of not more than $10,000, or both." Committee Substitute for House Bill 1987, passed by the 1994 Florida Legislature, amends section 828.12(2) to read:
A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or by a fine of not more than $10,000, or both.
The bill, however, has not yet been presented to the Governor.
[5] Section 828.02, Fla. Stat. (1993).